# Richmond

SAMUEL C. CASON, OWNER OF FORD COACH, ETC. V.
COMMONWEALTH OF VIRGINIA.

March 8, 1943.

Record No. 2632.

Present, Campbell, C. J., and Hudgins, Gregory, Browning, Eggleston
and Spratley, JJ.

The opinion states the case.

*Broudy & Broudy,* for the plaintiff in error.

*Abram P. Staples, Attorney General,* and *G. Stanley Clarke, Assistant Attorney General,* for the Commonwealth.

SPRATLEY, J., delivered the opinion of the court.

Samuel C. Cason, sometimes hereinafter referred to as the defendant, was on the seventh day of February, 1942, arrested and charged with the illegal transportation of ardent spirits contrary to the provisions of The Alcoholic Beverage Control Act of this State [Virginia Code, 1942, (Michie) section 4675 (38a)]. A Ford coach automobile, Motor No. 18-4259587, Virginia license number 344-393, registered in the name of the defendant, and the alcoholic beverages being transported were seized and taken possession of by the arresting officers, and forthwith delivered to the Sergeant of the City of Norfolk.

On February 10, 1942, the Commonwealth's Attorney for the City of Norfolk was informed of the arrest and seizure. Thirteen days thereafter, on February 23, 1942, the said Commonwealth's Attorney filed an information in the Clerk's Office of the Corporation Court of the City of Norfolk, Number Two, reciting the seizure and praying for the condemnation and sale of the automobile.

On February 26, 1942, before the hearing on this information, the defendant made and executed, in conformity with the statute, a bond, with C. H. Riddick, as surety

thereon, before the clerk of the above court, and thereby regained the possession of his automobile.

On March 14, 1942, the return day of the information, the defendant moved for its dismissal on the ground that it had not been filed, as required by the statute within ten days from the time notice of the seizure had been given to the Attorney for the Commonwealth. The motion was sustained by the trial court, and an order was, on that day, entered dismissing the information. In the order of dismissal, it was recited "It is further ordered that the above proceedings are not in any way to interfere or prevent any further proceedings the Attorney General may be advised proper to be taken in the premises."

Thereafter, on March 26, 1942, the Attorney General for the Commonwealth of Virginia filed an information praying for the condemnation and sale of the same automobile.

The first hearing on this information was held on April 18, 1942. The evidence developed that Cason was not then in possession of the automobile, and that it has been sold and delivered by him to one, W. E. Burroughs, trading as Burroughs Motor Company, on March 18, 1942. The trial was continued to April 20, 1942, and the court suggested to the defendant that he might purge himself of contempt by returning the automobile to the possession of the Commonwealth prior to the further hearing. The defendant did not return the automobile to the possession of the Commonwealth, and on the latter date the trial court entered an order condemning it and declaring it to be forfeited to the Commonwealth.

In the meantime, on April 21, 1942, a rule was issued against W. E. Burroughs to show cause why the automobile should not be delivered to the Sergeant of the City of Norfolk, and on April 23, 1942, a rule for contempt was issued against the defendant, both rules being returnable to April 25, 1942.

On the latter date, the trial court took no action with reference to the above rules; but again entered its order declaring the automobile forfeited to the Commonwealth.

In the same order it entered judgment on the bond against the defendant and C. H. Riddick, his surety, and directed that execution forthwith issue on the judgment. The defendant duly excepted.

The defendant contends that all liability upon the bond ceased and terminated when the information filed by the Commonwealth's Attorney was quashed and dismissed on March 14, 1942, the bond being given with special reference to the result and effect of the final judgment in the proceeding on that information.

The pertinent portions of section 4675 (38a) are set out in the margin.*

---

*"(d) Within ten days after receiving notice of any such seizure, the attorney for the Commonwealth shall file, in the name of the Commonwealth, an information against the seized property, in the clerk's office of the circuit court of the county, or of the corporation court of the city, wherein said seizure was made; should the attorney for the Commonwealth, for any reason, fail to file such information within said time, the same may, at any time within twelve months thereafter, be filed by the Attorney General, and the proceedings thereon shall be the same as if it had been filed by the attorney for the Commonwealth.

" * * *

"(e) If the owner or lienor of the seized property shall desire to obtain possession thereof before the hearing on the information filed against the same, such property shall be appraised by the clerk of the court where such information is filed.

"The sheriff of the county or the sergeant of the city in which the trial court is located shall promptly inspect and appraise said property, under oath, at its fair cash value, and forthwith make return thereof in writing, to the clerk's office of the court in which the proceedings are pending, upon the return of which the said owner or lienor may give a bond payable to the Commonwealth of Virginia, in a penalty of the amount equal to the appraised value of the vehicle plus the court costs which may accrue, with security to be approved by the clerk, and conditioned for the performance of the final judgment of the court on the trial of said information, and with a further condition to the effect that, if upon the hearing on the information, the judgment of the court be that said property, or any part thereof, or such interest and equity as the owner or lienor may have therein, be forfeited, judgment may thereupon be entered against the obligors on said bond for the penalty thereof, without further or other proceedings against them thereon, to be discharged by the payment of the appraised value of the property so seized and forfeited and costs, upon which judgment, execution may issue, on which the clerk shall endorse, 'no security to be taken'; upon giving of the said bond, the said property shall be delivered to said owner or lienor."

The material provisions of the bond are as follows:

"WHEREAS, the *Attorney for the Commonwealth has filed in the name of the Commonwealth, an information* against a certain Ford Coach automobile Motor Number 18-4259587; Virginia License Number 344-393, in the Clerk's Office of the Corporation Court of the City of Norfolk, Number Two, alleging that said automobile was seized because said automobile was being used illegally to transport alcoholic beverages in violation of Section 38a of an Act of the General Assembly of Virginia, known as the Alcoholic Beverage Control Law, and,

"WHEREAS, Samuel C. Cason, owner of the said seized property desires to obtain possession thereof before the hearing on the information filed against the same, and,

"WHEREAS, Lee F. Lawler, Sergeant for the City of Norfolk, Virginia, has inspected and appraised the said seized property, under oath, at its fair cash value of $500.00, and forthwith made return thereof in writing, to the Clerk's Office of the Corporation Court of the City of Norfolk, Number Two, the Corporation Court of the City of Norfolk, Number Two, being the Court in which the proceedings are pending.

"Now, therefore, if the said Samuel C. Cason, shall well and truly perform the final judgment of the Corporation Court of the City of Norfolk, Number Two, on the trial *of said information,* and with a further condition, to the effect that if upon the hearing *on the information,* the judgment of said Court be that said property, or any part thereof, or such interest and equity as the owner may have therein be forfeited, judgment may thereupon be entered against Samuel C. Cason, and C. H. Riddick, the obligors on this bond for the penalty hereof, without further or other proceedings against them hereon to be discharged by the payment of the appraised value of the property so seized and forfeited and costs upon which said judgment, execution may issue, on which the Clerk shall endorse 'no security be taken'; then the above obligation shall be void, otherwise to remain in full force and virtue." (Italics supplied.)

 There is no ambiguity in the statute, nor in the language or terms of the bond. Neither needs any interpretation. Each must be construed according to the ordinary and reasonable meaning of the language employed.

The statute requires the Attorney for the Commonwealth to file an information within ten days after receiving notice of the seized property. In this case, the Commonwealth's Attorney wholly failed, without excuse so far as the record shows, to perform his duty.

At the time the bond was executed, the trial court had jurisdiction of the subject matter only by reason of the information filed by the Attorney for the Commonwealth. That information did not show on its face when notice of the seizure of the automobile was given the Commonwealth's Attorney. It was the only information, regardless of its validity, which was in existence. It was the specific information referred to in the condition of the bond. The whole obligation of the bond was based expressly upon the action of the court on a trial of that information. The very letter of the bond limited its conditions and obligations to that information. It contained no reference whatever to any subsequent information to be filed by the Attorney General, or to any other proceeding, or the result of any other proceeding. It cannot reasonably be strained or stretched beyond the plain and precise letter of its provisions and conditions.

The learned judge of the trial court seems to have proceeded upon the view that, under the order of March 14th, reserving the right of the Attorney General to take further proceedings, and under the statute, the information filed by the Attorney General took the place of the information filed by the Commonwealth's Attorney.

 It is clear that the statute contemplates that the Attorney General may proceed only when the Commonwealth's Attorney fails to act within ten days after notice of the seizure. It does not contemplate that there shall be two informations filed at the same time. It makes no provision for an untimely information filed by the Commonwealth's

Attorney. Such information being a nullity, the situation is the same as if there had been no information filed.

The proviso at the end of subsection (d) of section 4675 (38a) giving the Attorney General the right to proceed within twelve months after the failure of the Attorney for the Commonwealth to file an information does not declare that an information filed by the Attorney General shall take the place of or be substituted for any information. It is rather an information filed because of the lack of a previous information.

The statute does not relate its effect back to a specific time, that is, to the time when an information should have been filed by the Commonwealth's Attorney. It merely gives the Attorney General the right, after the Commonwealth's Attorney had failed to do so, to step in and file an information, and provides the method of procedure thereon. The words "proceedings thereon" make the answer clear. The "proceedings thereon" refer to the steps to be taken,— the course of procedure upon the trial of the information filed by the Attorney General. "The proceedings thereon (on the Attorney General's information) shall be the same as if it (the information of the Attorney General) had been filed by the attorney for the Commonwealth." The word "same" refers, of course, to the words "the proceedings thereon."

The dismissal order of March 14th, attempting to preserve the right of the Attorney General to institute such further proceedings as he might deem proper, added no strength or force to the authority or the duty of the Attorney General to proceed under the statute. When the information of the Attorney for the Commonwealth was dismissed, the order of dismissal disposed of the whole subject matter then before the court; gave all the relief that was contemplated under that information; and left nothing further to be done by the trial court thereon. In these respects, it was a final order.

The bond was substituted in the place of the car as an obligation of its principal and surety to fully perform the

final judgment on the trial of the information specified, that is, the information filed February 23, 1942, and upon the further condition, to pay the appraised value of the automobile, plus the costs of the proceedings against it if, upon that trial, the automobile should be declared forfeited. A final judgment upon the information filed February 23rd, in the defendant's favor, dismissed and terminated all "proceedings thereon." The information proceeding in which the bond had been given was no longer pending nor had any validity. It had been declared a void proceeding, and the obligation of the bond thereby became void and all liabilities of the obligors thereon were terminated and discharged.

The orders of forfeiture of April 20th and April 25th, 1942, are reversed and set aside. The judgment against the defendant entered on April 25, 1942, is set aside and final judgment entered here for the plaintiff in error.

*Reversed and final judgment.*