## Richmond

ONE 1963 CHEVROLET PICKUP TRUCK, ET AL. v. COMMONWEALTH
OF VIRGINIA.

January 15, 1968.

Record No. 6545.

Present, All the Justices.

*James M. Roe, Jr.* (*Carter & Roe*, on brief), for plaintiff in error.

*William P. Bagwell, Jr., Assistant Attorney General* (*Robert Y. Button, Attorney General,* on brief), for defendant in error.

CARRICO, J., delivered the opinion of the court.

This litigation was commenced when the Commonwealth's Attorney filed in the trial court an information (Code, § 4-56 [d]) alleging that an "ABC Investigator" had seized a 1963 Chevrolet pickup truck purportedly owned by Thomas J. Mull "for the reason that at the time" of seizure alcoholic beverages were being illegally transported in the vehicle. (Code, § 4-72.) The information prayed that the vehicle be condemned and sold and the proceeds thereof disposed of according to law.

Notice of the information was served on Mull and on the holder of a lien on the vehicle. Mull posted bond and secured release of the vehicle from seizure. (Code, § 4-56 [e].)

The trial court heard the evidence and ordered forfeiture of the

bond posted by Mull. To the final order embodying that action, we granted Mull a writ of error.

A scanty narrative statement contained in the record shows that on March 14, 1966, "A. B. C. Agent" G. M. Whiteside, "acting on prior knowledge and information," stopped Mull's vehicle on the highway; that the agent "observed a quantity of alcoholic beverages on the front seat" and "some sacks in the vehicle and . . . some bottle tops (or tops of bottles) that he concluded were alcoholic beverages"; that the agent "proceeded to search the truck and found four gallons of A. B. C. liquor"; and that "he stopped the vehicle and searched it without a search warrant."

The dispute in the trial court revolved around the application of Code, § 4-56, a part of The Alcoholic Beverage Control Act. That Code section provides that where any officer charged with enforcement of the alcoholic beverage laws shall have reason to believe that alcoholic beverages are being illegally transported in a vehicle, it shall be his duty to obtain a legal search warrant and search such vehicle. If alcoholic beverages being illegally transported are found in the vehicle, the officer shall seize the beverages and also shall seize the vehicle and arrest all persons found in charge thereof. Other portions of the Code section prescribe the procedure for forfeiture of the vehicle by the court and provide that the alcoholic beverages seized shall be deemed contraband.

At the outset of our consideration of this case, we are confronted with a woefully inadequate record. We are called upon by Mull to reverse a judgment, which is presumed to be correct, in a situation where it is difficult to tell what points were relied upon in the trial court and what questions were properly preserved for appeal.

Mull's brief only adds to the problem. In the opening part of the brief, it is stated that four questions, with one question divided into two parts, are involved. However, when we turn to the argument portion of the brief, we find that only one question is actually argued.

From an examination of the record and an analysis of Mull's argument, we believe there is properly presented for decision but one question and that is one of law: whether, under Code, § 4-56, the issuance of a search warrant is, in all instances, a condition precedent to the valid seizure and forfeiture of a vehicle used for the illegal transportation of whiskey.

We agree with Mull that as the result of the holding in the recent case of *One Plymouth Sedan* v. *Pennsylvania*, 380 U. S. 693, 85 S. Ct.

1246, 14 L. ed. 2d 170, the rule excluding evidence obtained by a search and seizure unlawful under the Fourth Amendment to the Constitution of the United States is now applicable to state forfeiture proceedings. But we cannot agree with Mull's contention that the effect of that holding as related to a failure to secure a search warrant under Code, § 4-56, is to preclude forfeiture, as a matter of law, in every case.

We also agree with Mull that we have said of Code, § 4-56 that it is without ambiguity and must be construed according to the ordinary and reasonable meaning of the language employed. *Cason* v. *Commonwealth*, 181 Va. 297, 303, 24 S. E. 2d 435, 437. And we recognize, as Mull asserts, that Code, § 19.1-88 prohibits search without a warrant and makes it a misdemeanor for an officer or other person to do so. But, contrary to what Mull says, it does not necessarily follow from the foregoing that the legislature intended by the enactment of Code, § 4-56 to limit the search and seizure power of officers charged with enforcing the alcoholic beverage laws to those instances where such officers are armed with search warrants.

"It must always be remembered that what [the Fourth Amendment to] the Constitution forbids is not all searches and seizures, but unreasonable searches and seizures." *Elkins* v. *United States*, 364 U. S. 206, 80 S. Ct. 1437, 4 L. ed. 2d 1669, 1680. And we have said of our statutes (Code, §§ 19.1-85 to 19.1-89) providing for the issuance of search warrants and forbidding search without a warrant that their requirements are the same in substance as those contained in the Fourth Amendment to the Constitution of the United States. *Zimmerman* v. *Bedford*, 134 Va. 787, 801-802, 115 S. E. 362, 366.

In construing the provisions of the federal constitution, the federal courts have recognized, and in construing constitutional and statutory provisions, this court has recognized, that a search and seizure without a warrant is not unlawful if reasonable. For example, a search and seizure is not unlawful, despite the lack of a search warrant, if it occurs:

(1) Where the search is consented to, *Drummond* v. *United States*, 350 F. 2d 983, 988-989 (8th Cir. 1965); *Rees* v. *Commonwealth*, 203 Va. 850, 864-866, 127 S. E. 2d 406, 416-417, *cert. denied*, 372 U. S. 964, 83 S. Ct. 1088, 10 L. ed. 2d 128;

(2) Where the search is incident to a lawful arrest, *United States* v. *Rabinowitz*, 339 U. S. 56, 70 S. Ct. 430, 94 L. ed. 653, 657; *Morris* v. *Commonwealth*, 208 Va. 331, 334, 157 S. E. 2d 191, 194; and

(3) Where the search is of abandoned premises or property, *Feguer* v. *United States*, 302 F. 2d 214, 248-250 (8th Cir. 1962), *cert. denied*, 371 U. S. 872, 83 S. Ct. 123, 9 L. ed. 2d 110; *Hawley* v. *Commonwealth*, 206 Va. 479, 481-484, 144 S. E. 2d 314, 316-318, *cert. denied*, 383 U.S. 910, 86 S. Ct. 894, 15 L. ed. 2d 665.

It has been held also that a seizure made without a search, that is, where that which is seized is in plain and open view, is not unlawful. *Ker* v. *California*, 374 U. S. 23, 83 S. Ct. 1623, 10 L. ed. 2d 726, 744.

There are, therefore, specifically recognized exceptions to the general requirement that a search warrant must be secured before a lawful search may be conducted or a valid seizure made. The crucial inquiry becomes, then, whether the legislature intended, in the enactment of Code, § 4-56, to prohibit forfeiture in all cases where no search warrant has been secured, intending to include in the prohibition even those instances where the recognized exceptions would otherwise apply to save the legality of a search or seizure without a warrant.

To aid the resolution of the inquiry, we quote the pertinent portions of Code, § 4-56:

"§ 4-56. *Search, seizure and forfeiture of conveyances or vehicles used in violation of law; disposition of beverages; arrests.—*(a) *Search, seizure and delivery to sheriff or sergeant.—*Where any officer charged with the enforcement of the alcoholic beverage laws of this State shall have reason to believe that alcoholic beverages, illegally acquired, or that alcoholic beverages being illegally transported, are, in any conveyance or vehicle of any kind . . . it shall be the duty of such officer to obtain a legal search warrant and search such conveyance or vehicle, and if such illegally acquired alcoholic beverages or alcoholic beverages being illegally transported in amounts in excess of one quart be found therein, he shall seize the same, and shall also seize and take possession of such conveyance or vehicle and deliver the same and the alcoholic beverages so seized, to the sheriff of the county, or the sergeant of the city in which such seizure was made, taking his receipt therefor in duplicate.

"(b) *Arrests.—*The officer making such seizure shall also arrest all persons found in charge of such conveyance or vehicle and shall forthwith report in writing, of such seizure and arrest, to the attorney for the Commonwealth for the county or city in which such seizure and arrest were made."

In support of his position, Mull relies most heavily, of course, upon that language of Code, § 4-56 which states that "it shall be the duty" of an officer "to obtain a legal search warrant and search such conveyance or vehicle." That language, together with the prohibition in Code, § 19.1-88 against search without a warrant, Mull argues, "would prohibit all searches and resulting forfeiture proceedings without the benefit of a proper search warrant."

Mull's argument, however, if followed to its logical conclusion, would mean not only that all searches and seizures and resulting forfeiture proceedings would be prohibited if undertaken without the prior issuance of a search warrant, but also that *all arrests* for the illegal transportation of whiskey would be prohibited if made by an officer *unarmed with a search warrant*. That would be so because the statute provides, in inverse sequence, that forfeiture shall follow arrest, that arrest shall follow seizure, that seizure shall follow search, and that search shall follow the securing of a search warrant. If Mull's view is correct that no search, seizure, or forfeiture may be accomplished without the prior issuance of a search warrant, it would be just as logical to say that no arrest for illegal transportation may be made without such prior issuance.

Such a view would give to the statutory language a distorted and unreasonable meaning, stultifying the practical enforcement of the statute itself. It cannot be seriously contended that the legislature, by enacting Code, § 4-56, intended to withhold from Alcoholic Beverage Control agents, unless they are armed with search warrants, one of the most basic powers held by law enforcement officers—the power to make arrests for offenses committed in their presence. Especially must such a suggestion fail in light of the provisions of Code, § 4-8, another part of The Alcoholic Beverage Control Act. The latter Code section provides that such officers as shall be designated by the Alcoholic Beverage Control Board shall be vested with like power to enforce the provisions of the Act and the criminal laws of the State as is vested in sheriffs of counties and police of cities and towns.

By the same token, we cannot find in Code, § 4-56 an intent on the part of the legislature to prohibit the search and seizure or the seizure alone of a vehicle without a search warrant in those exceptional instances where such action would otherwise be lawful; for example, when the search is with consent, is incident to a lawful arrest, is of abandoned property, or where no search is necessary because that which is seized as contraband is in plain and open view.

It follows, therefore, that we answer in the negative the question of law presented by this appeal and hold that the issuance of a search warrant is not, in all instances, a condition precedent to the valid seizure and forfeiture of a vehicle used for the illegal transportation of whiskey.

Mull's argument recognizes no exception to his contended-for rule that the issuance of a search warrant is a necessary prerequisite to every valid forfeiture proceeding. It is not necessary to discuss, therefore, whether his case falls within one of the recognized exceptions.

The judgment of the trial court will be affirmed.

*Affirmed.*