# Richmond

ROBERT GORDON FOX v. COMMONWEALTH OF VIRGINIA.

June 12, 1972.

Record No. 7916.

Present, Snead, C.J., I'Anson, Carrico, Harrison, Cochran and Harman, JJ.

*Donald R. Mullins; Norris Kantor* (*McClintock & Mullins; Katz, Katz & Kantor,* on brief), for plaintiff in error.

*James E. Kulp, Assistant Attorney General* (*Andrew P. Miller, Attorney General,* on brief), for defendant in error.

HARRISON, J., delivered the opinion of the court.

Robert Gordon Fox was convicted in the court below of the possession of controlled drugs. His appeal questions the sufficiency of the evidence, and whether certain evidence that was seized and introduced was the product of a valid search and seizure.

On May 21, 1971 Trooper R. H. Campbell, while patrolling Highway No. 662 in Tazewell County, observed an unoccupied car parked at a spot near the top of East River Mountain. When Officer Campbell approached the car he noted that it had dealer's tags. He saw a wallet on the ground beside the vehicle. The wallet contained some money and defendant's driver's license. Campbell looked into the automobile and from its appearance concluded that there had been a scuffle. He noted that books and papers had been scattered around in the back seat. He observed a tape player and a tape caddy, and saw some beer cans on the back floorboard.

The car was not locked, and, in an effort to ascertain the identity of its owner, the trooper opened the door on the driver's side to look for the registration card. Not finding it, the trooper then went to the passenger side to see if he could find the card there or some identification of the owner. Upon opening the door he noticed on the floorboard "some green material similar to tobacco, only it had a little greener color to it, and a seed".

At this point Campbell left the vehicle and drove down the mountain in an effort to locate the owner or occupants of the vehicle. Upon his return, approximately five minutes later, he found three people in the car. Defendant Fox was behind the steering wheel. Marshall G. Homes was sitting on the right front seat and James C. Ward was on the back seat. The trooper asked Fox for his driver's license and while Fox was looking for it the trooper observed a ladies cosmetic case or purse lying on the front seat. He said this purse was not on the seat when he first looked in the car. He further noted that Fox and Homes were pushing the case around. The trooper testified that although he did not smell any alcohol Ward was not acting normally and was "pretty high".

After Fox had identified himself and the wallet, the trooper returned the wallet to him. The officer then asked the three men to get out of the car and told them that based on what he had found on the floorboard he was going to search the car. They made no objection.

During the search Trooper Campbell found both marijuana and hashish in the cosmetic case. An LSD pill was found concealed in the tape caddy identified as belonging to Fox. Two pipes were found under the seat of the car and one pipe on Ward's person, all containing a residue of marijuana. In the glove compartment the trooper found a plastic bottle or vial containing nine cigarette butts which

contained marijuana. Also a brass object which appeared to be a truck tire valve was found and upon analysis responded positively to qualitative tests for marijuana.

At the time of the search the officer scraped from the front floorboard of the car "the tobacco like material and seed" which he observed when he opened the door on the passenger side. This material responded positively to qualitative tests for marijuana.

Defendant contends that the evidence fails to establish that his automobile had been abandoned. He argues that the trooper did not have probable cause to examine the interior of the automobile, and that the information he obtained from his initial observation was not sufficient to constitute probable cause to search. He says that the material (marijuana) discovered by the trooper on the right front floorboard was not in plain view of the officer from outside the vehicle, and thus the "plain view doctrine" cannot be asserted to justify the search.

We disagree. The investigation made by Trooper Campbell was proper. The search he made after investigation was not an unreasonable search in violation of defendant's constitutional rights, and the evidence obtained was not therefore tainted with any illegality.

When the trooper first observed defendant's vehicle it was unattended and parked partly on a secondary highway in a remote area. Under these circumstances it was entirely proper and reasonable for the officer to stop, inquire and investigate. After stopping he saw a wallet with money and contents lying outside the vehicle. This served to incite his suspicion that something unusual or amiss may have happened. When he looked inside the car he noted that it was in disarray as if a scuffle had occurred. It was then that he determined to open the unlocked doors and seek some information concerning the ownership of the vehicle. Upon opening the right door he noted the marijuana-like substance on the floorboard.

When Campbell was confronted with a set of highly suspicious circumstances, it was proper for him to have sought some identification of the vehicle, and to open the doors and look on the inside for that purpose. Such did not constitute an unlawful search. Furthermore, if the mere opening of the automobile's doors to determine its serial number, or to look for its registration card, constitutes a search, it was a reasonable one. *Cotton* v. *United States*, 371 F. 2d 385 (9th Cir. 1967); *Muegel* v. *State*, 257 Ind. 191, 272 N. E. 2d 617 (1971).

In *United States* v. *Powers*, 439 F. 2d 373 (4th Cir. 1971) the court held that an inspection of a car's identification number was a search subject to the proscriptions of the Fourth Amendment, but that due to the mobility of a motor vehicle and the lack of any expectation of privacy, the Fourth Amendment requirements could be met when the officer had a legitimate ground for checking the identification number. There the court said that, while probable cause was not required, the legality of the search must be based on facts that would warrant a man of reasonable caution to believe that the search is appropriate and cited the following objective standard stated in *Terry* v. *Ohio*, 392 U. S. 1, 21-22, 88 S. Ct. 1868, 1880, 20 L. Ed. 2d 889, 906 (1968):

"[W]ould the facts available to the officer at the moment of the seizure or the search 'warrant a man of reasonable caution in the belief' that the action taken was appropriate?"

In the case under review this standard has been met. Trooper Campbell had a legitimate ground to investigate the presence of defendant's unattended vehicle and to attempt to ascertain the name of its owner by looking for the registration card. In doing so Campbell saw the material and seed which had the appearance of marijuana and which was in fact marijuana. This did not constitute a search but a simple observation by the officer of that which was open to view. *Miller* v. *United States*, 356 F. 2d 63 (5th Cir. 1966).

An officer in the performance of his duty may seize evidence of a crime which is in his plain view. *Harris* v. *United States*, 390 U. S. 234, 88 S. Ct. 992, 19 L. Ed. 2d 1067 (1968); *Ker* v. *State of California*, 374 U. S. 23, 83 S. Ct. 1623, 10 L. Ed. 2d 726 (1963); *Chevrolet Truck* v. *Commonwealth*, 208 Va. 506, 158 S. E. 2d 755 (1968); *Carter* v. *Commonwealth*, 209 Va. 317, 163 S. E. 2d 589 (1968).

Trooper Campbell, having found the suspected marijuana on the floorboard of defendant's car, witnessed the abnormal condition of one of the passengers, and noted other suspicious circumstances, had reasonable cause to believe that defendant's car contained controlled drugs, and to conduct the search and seizure he made. The test approved in *Carroll* v. *United States*, 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543 (1925) was restated in *Chambers* v. *Maroney*, 399 U. S. 42, 49, 90 S. Ct. 1975, 1980, 26 L. Ed. 2d 419, 427 (1970) as follows:

"The Court also noted that the search of an auto on probable cause proceeds on a theory wholly different from that justifying the search incident to an arrest:

"'The right to search and the validity of the seizure are not dependent on the right to arrest. They are dependent on the reasonable cause the seizing officer has for belief that the contents of the automobile offend against the law.'"

█ Having concluded that the evidence seized at the time of the search of defendant's vehicle was properly admitted, we have no difficulty in finding that the evidence was sufficient to sustain the judgment of conviction.

To sustain a conviction of possessing a narcotic drug, within the meaning of Virginia's Uniform Narcotic Drug Act, we held in *Ritter* v. *Commonwealth*, 210 Va. 732, 741, 173 S. E. 2d 799, 805-06 (1970):

"In order to convict a defendant of 'possession' of a narcotic drug, within the meaning of Virginia's Uniform Narcotic Drug Act, it generally is necessary to show that defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it. Physical possession giving the defendant 'immediate and exclusive control' is sufficient. However, the possession need not always be exclusive. The defendant may share it with one or more. The duration of the possession is immaterial and need not always be actual possession. The defendant may be shown to have had constructive possession by establishing that the drugs involved were subject to his dominion or control."

The automobile operated by defendant was owned by his father. It was lawfully in the possession and under the control of Fox, who was its driver, and who was sitting behind the steering wheel when first seen by the officer. Marijuana and other drugs were found concealed in various places throughout the vehicle, including defendant's personal tape caddy. There was ample evidence from which the jury could have found that defendant was fully aware of the presence and character of the drugs in the vehicle, and that he possessed, or shared in the possession of these drugs with one or both of the other occupants of the vehicle.

The judgment of the court below will be                    *Affirmed.*