## CIRCUIT COURT OF THE CITY OF ROANOKE

Commonwealth of Virginia

v.

Dale Randall Bivens

July 21, 1988

Case No. CR88-377

By JUDGE CLIFFORD R. WECKSTEIN

On August 23, 1987, Williams Sowers, a private citizen, entered an apartment leased by the defendant and his wife for residential purposes. Thoroughly exploring the property, Sowers discovered marijuana plants growing in the attic. He notified the police who, based upon Sowers's observations, sought and obtained a search warrant. The plants were seized pursuant to the warrant, and the defendant was charged with manufacturing or producing marijuana not for his own use. He moves to suppress the evidence seized, the marijuana plants.

The parties agree that Sowers was a trespasser in defendant's apartment. Sowers was permitted to enter the apartment by one Sandra Nichols, to whom the landlord had given a key. It is agreed by counsel that Sowers's entry exceeded the scope of the landlord's permission to Ms. Nichols, and that even if that were not the case, entry by the landlord or by Ms. Nichols was impermissible under Code § 55-248.18.

Both parties, in oral argument and written memoranda, have assumed that Sowers's exploration of the apartment constituted a "search," within the meaning of the Fourth Amendment and of Virginia Code § 19.2-59, and I will therefore make the same assumption. *See Duffield v. Peyton,*

209 Va. 178, 183, 162 S.E.2d 915 (1968) (search "implies 'some exploratory investigation'.")

The defendant first argues that the evidence should be suppressed under the Fourth Amendment to the United States Constitution. I deny the motion to suppress on this basis, for "it has been firmly settled that such constitutional prohibition against unreasonable search and seizure is applicable to agents of the federal and state governments and not to private individuals acting on their own initiative. Consequently, the rule which excludes evidence obtained by unlawful search because in violation of the Fourth Amendment does not apply where the unlawful search was made by a private individual acting on his own initiative." *Harmon v. Commonwealth*, 209 Va. 574, 577, 166 S.E.2d 232 (1969) (citations omitted); *accord*, *Gundlach v. Janing*, 401 F. Supp. 1089 (D. Neb. 1975) and cases there cited; *see Burdeau v. McDowell*, 256 U.S. 465, 476, 41 S. Ct. 574, 65 L. Ed. 1048 (1921).

The defendant next argues that the evidence should be suppressed because Code § 19.2-59 was violated, noting that the *Harmon* opinion contains a statement that evidence obtained by a trespassing private individual could be inadmissible if obtained "in contravention of a statutory enactment." *Harmon, supra*, at 577.

Code § 19.2-59 provides, in pertinent part, that, "No officer of the law *or any other person* shall search any place, thing or person, except by virtue of and under a warrant issued by a proper officer. . . . any officer or person violating the provisions of this section shall be liable to any person aggrieved thereby in both compensatory and punitive damages." (Emphasis added.)

The defendant contends that the search involved in this case exceeded the restrictions imposed by § 19.2-59.

For the purposes of this opinion, I assume that the defendant's position is correct, i.e., that the search exceeded the restrictions of § 19.2-59. I nonetheless must conclude that the evidence should not be suppressed. The recent controlling authority on point is *Thomasson v. City of Martinsville*, 6 Va. App. ---, --- S.E.2d ---, 4 VLR 3235 (June 21, 1988), a case decided since this motion was argued and briefed.

In *Thomasson*, the Court of Appeals of Virginia summarily considered a defendant's argument that a police officer's

stop and seizure exceeded the restrictions of Code Section 19.2-83. The Court of Appeals assumed the defendant's position to be correct, but held that the trial court did not err by refusing to exclude the evidence. "So long as the stop and seizure comport with constitutional requirements, *Mapp v. Ohio,* 367 U.S. 643 (1961), does not require states to exclude evidence which violates a statute with more stringent standards. *See also U.S. v. Caceres,* 440 U.S. 741 (1979)." *Id.*

(The "exclusionary rule," first enunciated by the Supreme Court in *Weeks v. United States,* 232 U.S. 383, 345 S. Ct. 341, 58 L. Ed. 652 (1914), has been applied consistently to violations by "officers" of "rights secured by the Federal Constitution." *Id.* 232 U.S. at 391-92. The "exclusion doctrine" was extended to all "constitutionally unreasonable searches--state or federal" by *Mapp, supra,* another case in which the Court spoke of Actions by "state officers" and "police officer[s]." *Id.* 367 U.S. at 655-56 and 660. In *United States v. Caceres, supra,* the Supreme Court refused to extend the exclusionary rule to violations of agency regulations.)

I am of the opinion that *Thomasson,* though not dealing with § 19.2-59, is squarely on point, and is the controlling authority binding a Virginia circuit judge in this case. Furthermore, considering the history surrounding the enactment of present § 19.2-59, and the legislative intent in enacting this statute, as explained by the Virginia Supreme Court in *Durham Brothers v. Woodson,* 155 Va. 93, 101, 154 S.E. 485 (1930), and considering the language of the statute itself, I am satisfied that the General Assembly did not intend, in enacting § 19.2-59, to be creating a statutory rule of evidentiary exclusion, *cf. Harmon v. Commonwealth,* 209 Va. at 577, in cases like this one, in which there is no Fourth Amendment violation. *Cf. Carter v. Commonwealth,* 209 Va. 317, 320, 163 S.E.2d 589, *cert. denied,* 394 U.S. 991 (1969); *One 1963 Chevrolet Pickup Truck v. Commonwealth,* 208 Va. 506, 508-10, 158 S.E.2d 755 (1968).

The defendant's motion to suppress the evidence will therefore be denied, and the defendant's objections, for the reasons previously stated orally and in writing, will be duly preserved.