COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judges Baker and Willis
Argued at Norfolk, Virginia


DEMETRIUS LAMONE LARRY

v.        Record No. 2530-93-1        MEMORANDUM OPINION*
                                      BY JUDGE JOSEPH E. BAKER
COMMONWEALTH OF VIRGINIA                    JUNE 6, 1995


              FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                  Morris B. Gutterman, Judge Designate

              Bruce C. Sams (Sams & Hawkins, P.C., on brief),
              for appellant.

              Leah A. Darron, Assistant Attorney General
              (James S. Gilmore, III, Attorney General, on brief),
              for appellee.


     Demetrius Lamone Larry (appellant) appeals from his bench

trial conviction by the Circuit Court of the City of Norfolk

(trial court) for possession of cocaine with intent to

distribute.  Appellant contends that the trial court erroneously

refused to suppress cocaine found in appellant's motel room

during a warrantless search and that the evidence was

insufficient to establish an intent to distribute.

                              SUPPRESSION

     Absent exigent circumstances, the threshold of one's home,

whether temporary or permanent, may not be crossed without a

warrant.  See Payton v. New York, 445 U.S. 573, 590 (1990).

Whether the exclusionary rule should be applied to exclude

_____

     *Pursuant to Code § 17-116.010, this opinion is not
designated for publication.

evidence discovered as a result of a warrantless crossing must be determined from an examination of the facts leading to the entry. In making that determination at the trial level, the Commonwealth has a heavy burden to justify the warrantless entry, as all such entries are presumed to be unreasonable. Verez v. Commonwealth, 230 Va. 405, 410, 337 S.E.2d 749, 752-53 (1985), cert. denied, 497 U.S. 813 (1986). However, upon appeal from a trial court's denial of a motion to suppress the discovered evidence, the burden is upon the appellant to show that the denial, when the evidence is considered in the light most favorable to the Commonwealth, constituted reversible error. Fore v. Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731, cert. denied, 449 U.S. 1017 (1980).

A warrantless search and seizure is not unlawful unless it is unreasonable, Chevrolet Truck v. Commonwealth, 208 Va. 506, 508, 158 S.E.2d 755, 758 (1968), because the Fourth Amendment does not forbid all searches and seizures, only those that are unreasonable. Elkins v. United States, 364 U.S. 206, 222 (1960); Verez, 230 Va. at 410, 337 S.E.2d at 752. In the matter before this Court, the trial court rejected the testimony of appellant and, obviously, believed the evidence of the officers. The record discloses that in response to information received by a tip, at approximately 5:00 a.m. on June 21, 1993, Officers Sergeant and Maston of the Norfolk Police Department went to a motel where appellant occupied a room. The officers had been

given the room number and told that drugs were being sold from that room.

Upon arrival at the room, appellant responded to the officers' knock on the door. The officers informed appellant of the purpose of their visit and asked appellant if they could enter the premises. The officers testified at the suppression hearing that appellant had given them permission to search the room.

Once inside the room, one officer found a 9 millimeter handgun in a nightstand. The other officer, seeing a pair of pants and a shirt, asked appellant whether they belonged to him to which appellant responded in the affirmative. Inside the pants, the officer recovered a billfold belonging to appellant and twenty-eight individual ziplock baggies containing cocaine.

The voluntariness of a consent to a search is a question of fact to be determined by the trial court and will not be reversed on appeal unless it is clearly erroneous. On the evidence contained in this record, we cannot say that the trial court's denial of appellant's motion to suppress was plainly wrong or without evidence to support it. See McFadden v. Commonwealth, 225 Va. 103, 108, 300 S.E.2d 924, 926 (1983).

## SUFFICIENCY

On appeal, when the sufficiency of the evidence is challenged, we view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly

deducible therefrom.  Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).  Viewed in that light, the record discloses that twenty-eight individual ziplock baggies containing cocaine, packaged as if for distribution, were found inside clothes belonging to appellant.  In addition, a gun was found in a nightstand in the motel room.

> When the proof of intent to distribute
> narcotics rests upon circumstantial evidence,
> the quantity which the defendant possesses is
> a circumstance to be considered.  Indeed,
> quantity, alone, may be sufficient to
> establish such intent if it is greater than
> the supply ordinarily possessed for one's
> personal use.

Dukes v Commonwealth, 227 Va. 119, 122, 313 S.E.2d 382, 383 (1976).  Moreover, the courts have long recognized that a gun is an object associated with persons dealing narcotics.

For the reasons stated, the judgment of the trial court is affirmed.

Affirmed.