COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Fitzpatrick and Annunziata
Argued at Richmond, Virginia


JOHNNY R. BREEDEN
                                    MEMORANDUM OPINION[*] BY
v.   Record No. 1473-96-2          JUDGE ROSEMARIE ANNUNZIATA
                                       SEPTEMBER 23, 1997
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF HENRICO COUNTY
                        George F. Tidey, Judge

            D. Gregory Carr (Bowen, Bryant, Champlin &
            Carr, on brief), for appellant.

            Kimberley A. Whittle, Assistant Attorney
            General (Richard Cullen, Attorney General, on
            brief), for appellee.


     Following a bench trial, appellant, Johnny R. Breeden, was

convicted of possession of cocaine with intent to distribute and

possession of a concealed weapon.  On appeal, he contends that

the Commonwealth's evidence is insufficient to support his

conviction for possession of a concealed weapon.  We disagree and

affirm.

     Trooper Lowrance attempted to stop appellant for speeding.

Appellant refused to stop and a high-speed chase ensued.  When,

nearly an hour later, the vehicle appellant drove finally came to

rest, a passenger exited and surrendered herself to police

custody.  Appellant fled but was quickly caught.  A struggle to

subdue appellant followed, during which Lowrance noticed a

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

container partially concealed in appellant's hand.

After appellant was apprehended, the container was recovered; it later proved to contain cocaine and marijuana. A search of appellant's person revealed a total of $1,000 cash divided into several bundles, each amounting to between $40 and $65. A search of the vehicle revealed a police scanner tuned to the police frequency, rolling papers, and two, nearly identical, bowie knives. Neither knife was detected from a visual search of the vehicle. One knife was found under the driver's seat; it was "not shoved up very far" under the seat and was "accessible to the driver." The second knife was found in the hatchback area of the vehicle. Officer Maxwell, testifying as an expert witness, stated that the packaging of the cocaine recovered in the search, as well as the nature of the bundling of the cash, was consistent with drug distribution practices. He further testified that the presence of the knives and the police scanner was consistent with the drug trade.

On the scene, appellant denied knowledge of both the drugs and the knives. He stated that he had "just met" his passenger at a gas station and that they had decided to "go for a ride." The vehicle proved to be registered to the passenger's father.

Ultimately, however, the court found that:

> when you take the drugs, the money, the scanner, the knife, and [the] eluding the police officers, there's no doubt in my mind that [appellant] possessed the cocaine with the intent to distribute . . . . Same with the weapon.

When considering the sufficiency of the evidence on appeal in a criminal case, this Court views the evidence in a light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). The trial court's judgment will not be set aside unless it appears that the judgment is plainly wrong or without evidence to support it. Code § 8.01-680; Josephs v. Commonwealth, 10 Va. App. 87, 99, 390 S.E.2d 491, 497 (1990) (en banc).

The Commonwealth's case was built on circumstantial evidence of constructive possession.

> To support a conviction based upon constructive possession, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the [contraband] and that it was subject to his dominion and control."

Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986) (quoting Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984)). "Circumstantial evidence is sufficient to support a conviction as long as it excludes every reasonable hypothesis of innocence." Price v. Commonwealth, 18 Va. App. 760, 767, 446 S.E.2d 642, 646 (1994). "Although `[t]he Commonwealth is not required to prove that there is no possibility that someone else may have planted, discarded, abandoned or placed the [contraband where it was found near an accused],' all reasonable hypotheses of innocence must be

3

excluded." Pemberton v. Commonwealth, 17 Va. App. 651, 655, 440 S.E.2d 420, 422 (1994) (quoting Brown v. Commonwealth, 15 Va. App. 1, 10, 421 S.E.2d 877, 883 (1992) (en banc)).

In the present case, appellant asserts that the Commonwealth failed to exclude as a reasonable hypothesis of innocence the possibility that someone other than appellant placed the knives where they were found in the vehicle. Specifically, appellant points to the fact that (1) he denied knowledge of the knives at the scene; (2) neither knife was immediately visible to the police officers; and (3) the vehicle in which the knives were found was registered to the passenger's father, not appellant.

Whether an alternative hypothesis is a "reasonable hypothesis of innocence" is a question of fact, see Cantrell v. Commonwealth, 7 Va. App. 269, 290, 373 S.E.2d 328, 339 (1988), and thus binding on appeal unless it is plainly wrong or without evidence to support it. See, e.g., Naulty v. Commonwealth, 2 Va. App. 523, 527, 346 S.E.2d 540, 542 (1986). We find that the evidence supports the trial court's conclusion that appellant possessed the knife found under the driver's seat to the exclusion of the hypothesis that it was placed there by someone other than appellant.

In its entirety, the evidence established that appellant was a drug dealer. He was found with a quantity of marijuana and cocaine packaged for distribution and a quantity of cash indicative of drug sales. A search of the vehicle he drove

4

revealed a police scanner, tuned to the police frequency, as well as the weapons in question here. The presence of the scanner and the weapons was consistent with appellant's participation in the drug trade. The evidence showed that the knife found under the appellant's seat was "accessible" to him. Appellant's flight, both during the high speed chase and following the stop, is further evidence supporting the trial court's finding of guilt. See Langhorne v. Commonwealth, 13 Va. App. 97, 102, 409 S.E.2d 476, 480 (1991) ("[T]he fact of an accused's flight . . . and related conduct, are admissible as evidence of guilt, and thus of guilt itself." (quoting United States v. Ballard, 423 F.2d 127, 133 (5th Cir. 1970))).[1]

The fact that appellant denied knowledge of the knives to the police officers on the scene does not undermine the trial court's finding to the contrary. Indeed, appellant also denied knowledge of the drugs he was convicted of possessing with intent to distribute. The fact that the knives were not apparent to the officers after a visual inspection of the vehicle is likewise not dispositive. Nor is ownership of the vehicle dispositive, especially where, as here, appellant was in possession and control of it. See Fox v. Commonwealth, 213 Va. 97, 101, 189 S.E.2d 367, 370 (1972).

---

[1]Contrary to appellant's suggestion to the contrary, the trial court was entitled to infer that appellant's attempt to elude the police was a reflection not only of some of appellant's then numerous criminal acts, but all of them, including his possession of a concealed weapon.

The appellant's conviction is accordingly affirmed.

<u>Affirmed</u>.