COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Fitzpatrick, Judges Elder and Felton
Argued at Alexandria, Virginia


MOHAMMED MIKE SBITAN

                                                      MEMORANDUM OPINION[*] BY
v.        Record No. 1863-04-4                        JUDGE WALTER S. FELTON, JR.
                                                      JANUARY 17, 2006

COMMONWEALTH OF VIRGINIA


                  FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                            William T. Newman, Jr., Judge

            Marvin D. Miller for appellant.

            Eugene Murphy, Senior Assistant Attorney General (Judith Williams
            Jagdmann, Attorney General, on brief), for appellee.


        Mohammed Mike Sbitan ("appellant") appeals his convictions for petit and grand larceny,

following a jury trial.  Appellant contends the circumstantial evidence was insufficient to establish,

beyond a reasonable doubt, that he committed larceny of truck parts and tools from two vehicles

parked in the Koons Ford body shop parking lot and that he knowingly possessed those items at the

time of his arrest.  He also asserts the evidence presented to the jury did not exclude every

reasonable hypothesis of his innocence.  For the reasons that follow, we affirm.

                                      I.  BACKGROUND

        When the sufficiency of the evidence to sustain a criminal conviction is challenged on

appeal, "we view the evidence in the light most favorable to the Commonwealth, the party

prevailing below, and grant all reasonable inferences fairly deducible therefrom."  Clifton v.

Commonwealth, 22 Va. App. 178, 180, 468 S.E.2d 155, 156 (1996) (citing Higginbotham v.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975)). So viewed, the undisputed evidence proved that on the evening of September 6, 2003, Eduardo Torrey, an off-duty special agent with the Virginia Department of Motor Vehicles, was working as a security guard for Koons Ford in Falls Church. He began his shift shortly before 11:00 p.m. Torrey initially checked Koons' various lots, including the body shop lot,[1] and observed no suspicious circumstances.

At approximately 12:30 a.m., Torrey returned to the body shop lot. His cursory drive around the body shop building revealed no visible signs of unauthorized persons or vehicles. Torrey left his car to check the lock on the front door of the body shop. As he was turning to walk back to his car, he observed vehicle lights at the back of the parking lot, and watched as a dark-colored Jeep Cherokee, occupied by two males, slowly moved towards him. Once the Jeep approached the area where Torrey was standing, it increased its speed and "sped out of the parking lot really fast." Torrey entered his car and followed the Jeep in an effort to obtain its license tag number.

Officer Uelman of the City of Falls Church Police Department was performing moving radar traffic enforcement on the street running adjacent to Koons' body shop. She observed the Jeep approaching her car as her radar clocked the Jeep's speed at 17 miles per hour above the speed limit. The officer made a u-turn and executed a traffic stop. As she stepped out of her vehicle, Torrey arrived and explained to Officer Uelman, whom he knew, that the stopped Jeep had just left the Koons lot at a high rate of speed.

---

[1] When Torrey initially checked the body shop building, employees were still working inside.

Officer Uelman identified the driver as appellant.[2] When she and another officer looked into the open rear cargo area of the Jeep, they saw various items discovered shortly thereafter to have been stolen from an "Al's Towing" tow truck and from a "Pro Air" van parked on the Koons body shop lot. Among the items found in the cargo area was a Duwalt cordless drill and its case marked with a handwritten "Pro Air" for identification, an impact wrench belonging to Pro Air, LED running lights, wheels, hubcaps, and other items identified as having been stolen from the "Al's Towing" tow truck and the "Pro Air" van.

During the stop and subsequent search,[3] Officer Uelman observed that the hands of appellant's passenger, Josh Fredericks, were "extremely dirty . . . greasy black." Fredericks also had a fresh cut on the middle finger of his right hand, which was bleeding at the time of the stop. Shortly thereafter, while investigating the area of the Koons body shop lot where Torrey first spotted the Jeep leaving, Detective McCormick found fresh blood on the rear and side of the "Al's Towing" tow truck, as well as on a leaf located on the truck's running board. He also found the normally locked doors on the "Pro Air" van wide open. The interior light was on, tools and a ladder marked "Pro Air" were scattered on the ground, and the interior of the van "looked like it had been rummaged through."

## II. ANALYSIS

Appellant first argues the evidence was insufficient to support his larceny convictions because it failed to establish that he "knowingly and intentionally possessed" the stolen items found in plain view in the cargo area of the Jeep at the time of the traffic stop. We disagree.

"Larceny is the wrongful taking of the goods of another without the owner's consent and with the intention to permanently deprive the owner of possession of the goods." Bright v.

---

[2] The Jeep was registered to appellant's brother.

[3] The validity of the search is not at issue.

Commonwealth, 4 Va. App. 248, 251, 356 S.E.2d 443, 444 (1987) (citing Dunlavey v. Commonwealth, 184 Va. 521, 524, 35 S.E.2d 763, 764 (1945)). "'[P]ossession of goods recently stolen is *prima facie* evidence of guilt of the crime of larceny, and throws upon the accused the burden of accounting for that possession.'" Hope v. Commonwealth, 10 Va. App. 381, 385, 392 S.E.2d 830, 833 (1990) (en banc) (quoting Fout v. Commonwealth, 199 Va. 184, 190, 98 S.E.2d 817, 821 (1957)). In order for the inference of larceny to arise, possession of the stolen goods must be exclusive, but "'[o]ne can be in exclusive possession of an item when he jointly possessed it with another.'" Archer v. Commonwealth, 26 Va. App. 1, 13, 492 S.E.2d 826, 832 (1997) (quoting Best v. Commonwealth, 222 Va. 387, 389, 282 S.E.2d 16, 17 (1981)). Thus, the evidence of a person's recent exclusive possession of stolen property, coupled with an unexplained or unreasonable explanation of his possession, supports a finding of guilt. Bright, 4 Va. App. at 251, 356 S.E.2d at 444.

The evidence is undisputed that the items found in the rear cargo area of the Jeep driven by appellant at the time of the traffic stop had been recently stolen from the "Al's Towing" and "Pro Air" vehicles parked on the Koons body shop lot. With the larceny unquestionably established, the question presented to the jury was whether appellant knowingly possessed the stolen goods.

To establish that appellant knowingly possessed the stolen goods, the Commonwealth was required to prove beyond a reasonable doubt "that the defendant was aware of both the presence and the character of the [stolen goods] and that [the items were] subject to his dominion and control." Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984). "Such possession may be proved by 'evidence of acts, declarations or conduct of the accused from which an inference may be fairly drawn that he knew of the existence of [the stolen goods] at the place where they were found.'" Josephs v. Commonwealth, 10 Va. App. 87, 99, 390 S.E.2d 491,

497 (1990) (en banc) (quoting Andrews v. Commonwealth, 216 Va. 179, 182, 217 S.E.2d 812, 814 (1975)).

Occupancy of a vehicle in which stolen items have been found is a factor that may be considered in determining whether a defendant constructively possessed the items. Lane v. Commonwealth, 223 Va. 713, 716, 292 S.E.2d 358, 360 (1982). The fact that a defendant is not the owner of a vehicle does not automatically preclude a finding that he had the requisite knowledge of or dominion and control over contraband located in the vehicle. See, e.g., Fox v. Commonwealth, 213 Va. 97, 189 S.E.2d 367 (1972).

From the totality of the evidence presented to them, it was reasonable for the jury to have inferred that appellant was aware that he was transporting stolen property. See Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003) (noting that "[i]t is within the province of the jury to determine what inferences are to be drawn from proved facts, provided the inferences are reasonably related to those facts").

Appellant also contends his convictions should be reversed because the jury, by rejecting his explanation for his possession of the stolen goods, failed to exclude every reasonable hypothesis of his innocence flowing from the evidence presented to it.

"The statement that circumstantial evidence must exclude every reasonable theory of innocence is simply another way of stating that the Commonwealth has the burden of proof beyond a reasonable doubt." Hudson, 265 Va. at 513, 578 S.E.2d at 785. "The issue upon appellate review is not whether 'there is some evidence to support' [appellant's] hypotheses," but "whether a reasonable jury, upon consideration of all the evidence, could have rejected [appellant's] theories . . . and found him guilty . . . beyond a reasonable doubt." Id. (internal citation omitted).

Appellant told Officer Uelman that he was on the Koons lot to locate a vehicle identification number ("VIN") on a red Ford Focus that appellant had towed to that area three days earlier for Superior Towing Company ("Superior"). He told Officer Uelman that he received a call from Superior's dispatcher around 9:00 p.m. asking for the VIN number to complete paperwork for the tow. He told the officer that when he received the call, he borrowed his brother's Jeep and went "directly" to Superior's office. There, he picked up Fredericks, and the two men drove some 30 minutes to the Koons lot where he located the red Ford Focus, obtained the VIN number, and left the lot. Appellant told Officer Uelman that he and Fredericks were on the lot for approximately five minutes. In contrast, Torrey told the jury that he observed the Jeep driven by appellant leave the Koons body shop lot "really fast" around 12:30 a.m.

Appellant's brother testified that he and Fredericks had been on the Koons body shop lot each of the three evenings preceding appellant's arrest "to ferry" new cars from Koons' body shop lot to the GSA offices in Springfield.[4] Appellant contended that he was legitimately present on the Koons lot the night he was arrested and that either his brother or Fredericks could have placed the stolen items in the Jeep's cargo compartment, unbeknownst to him prior to his borrowing the vehicle.

The jury, however, was "not obligated to accept" appellant's explanation as credible. Roberts v. Commonwealth, 230 Va. 265, 272, 337 S.E.2d 255, 260 (1985). "While no single piece of evidence may be sufficient," to support a finding of guilt, "the 'combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind

---

[4] Pursuant to its contract with GSA, Superior would "ferry" new cars from Koons Ford's body shop lot to the GSA facilities in Springfield by sending drivers to the lot to drive the new cars to GSA's Springfield offices. Appellant's brother testified that Superior obtained the new cars from the body shop lot because the body shop is where Koons' "new car prep area" is located.

irresistibly to a conclusion.'" Hudson, 265 Va. at 514, 578 S.E.2d at 786 (quoting Derr v. Commonwealth, 242 Va. 413, 425, 410 S.E.2d 662, 669 (1991)).

Here, there was a discrepancy between appellant's statement to Officer Uelman regarding the time appellant was on the property and the time Torrey saw the Jeep leaving the lot. Appellant drove from the lot in a rapid manner. Goods identified as stolen from the two vehicles parked on the Koons lot in the area where Torrey first saw the Jeep's headlights were present in the Jeep's rear cargo area. The jury could have reasonably inferred that appellant's denial of knowledge of the presence of the stolen goods in the Jeep, and his explanation to Officer Uelman, were not credible. "[W]hen a defendant's 'hypothesis of innocence is [rejected as] unreasonable, evidence of possession of recently stolen goods is sufficient to support a conviction.'" Id. (quoting Westcott v. Commonwealth, 216 Va. 123, 127, 216 S.E.2d 60, 64 (1975)).

From the record before us, we find there was sufficient credible evidence from which the jury could reasonably have concluded that appellant knowingly possessed the stolen items, and was guilty of larceny of those items. For these reasons, the trial court's judgment is affirmed.

Affirmed.