## CIRCUIT COURT OF ARLINGTON COUNTY

Victor Delgado

   v..

Commonwealth of Virginia

January 12, 1990

By JUDGE THOMAS R. MONROE

On January 5, 1990, this Court heard oral argument regarding Mr. Delgado's Motion to Return Seized Property. In consideration of the arguments advanced at that time, and as presented by counsel in memoranda, the Court finds as follows.

Mr. Delgado was arrested on November 16, 1989, for distribution of cocaine, and his vehicle was seized. The procedure for seizure and forfeiture of property in drug cases is codified in § 19.2-386. The newly-enacted statutory scheme places a burden upon the Commonwealth to timely file an information in all actions against property subject to seizure under § 18.2-249. The timeliness required by the statute is plain. Code § 19.2-386.3 requires the attorney for the Commonwealth to file an information within ninety days of seizure. The language is clear and unambiguous and follows the requirement for strict compliance with notice and filing the information espoused by Justice Russell in *Haina v. Commonwealth*, 235 Va. 571 (1988). *See also, Cason v. Commonwealth*, 181 Va. 297 (1943). Although, *Haina* and *Cason* construed the timeliness of filing an information under different statutes, the doctrine that emerged was clearly an emphasis on strict construction of the statute and a requirement for exact compliance. However, to place an additional burden on the Commonwealth, not explicit in the statute, to somehow react without notice is not mandated by *Haina*.

Mr. Delgado's Motion is untimely. No information has been filed to commence a forfeiture proceeding. Further, the time provided by statute for the filing of notice of seizure in an information has not yet lapsed to give rise to return Mr. Delgado's property. Therefore, the Motion for the release of his property and for payment of attorney's fees is denied.