COMMONWEALTH OF VIRGINIA

V.

MARTY BRUNSON, ET AL.

Record No. 931142

THE COMMONWEALTH OF VIRGINIA

V.

$1950.00 U.S. CURRENCY, ETC.

Record No. 931658

September 16, 1994

Present: All the Justices

*Amicus Curiae:* John B. Russell, Jr., Senior Assistant Attorney General (James S. Gilmore, III, Attorney General, on brief), for appellant. Record Nos. 931142 and 931658

*(John E. Kloch, Commonwealth's Attorney; S. Randolph Sengel, Deputy Commonwealth's Attorney* on brief), for appellant. Record No. 931142

*Donald R. Allen* for appellees. Record No. 931142

*(Bruce C. Morris, Commonwealth's Attorney; G. Russell Stone, Jr., Deputy Commonwealth's Attorney* on brief), for appellant. Record No. 931658

*(Beverly D. Crawford; Sa'ad El-Amin; El-Amin & Crawford,* on brief), for appellees. Record No. 931658

JUSTICE LACY delivered the opinion of the Court.

In these appeals we consider whether the requirement in Code § 19.2-386.3(A) that an information for forfeiture be filed within 90 days of the date the property is seized is jurisdictional.

In *Commonwealth v. Brunson*, Record No. 931142, the police seized $413 in cash when they arrested Marty Brunson and charged him with possession of cocaine with intent to distribute. The seizure occurred on May 17, 1991. Fifteen months later, on August 5, 1992, the Commonwealth filed an information and notice of seizure for forfeiture of the $413 under Code § 19.2-386.1.

The second case, *Commonwealth v. $1950 U.S. Currency and One Hi-Tech Pager*, Record No. 931658, involves $1950 in cash and a pager seized by the Commonwealth while executing a search warrant issued in connection with the investigation and subsequent prosecution of illegal drug activities. The seizure occurred on May 16, 1991; the information for forfeiture was filed in June 1993.

In both cases, the owners of the property filed motions to dismiss for lack of subject matter jurisdiction. The trial courts sustained the motions, holding that they had no subject matter jurisdiction because the Commonwealth failed to file the informations within 90 days after the property was seized as required by Code § 19.2-386.3(A). We granted the Commonwealth an appeal in each case.

The portion of § 19.2-386.3(A) at issue states:

When property has been seized under § 18.2-249 prior to filing an information, then an information against that property shall be filed within ninety days of the date of seizure or the property shall be released to the owner or lien holder.

Our prior cases interpreting the predecessors to this provision have held that the time limitation for filing the information when property had already been seized was jurisdictional and lack of compliance deprived a trial court of jurisdiction. *Haina v. Commonwealth*, 235 Va. 571, 576, 369 S.E.2d 401, 404 (1988); *Cason v. Commonwealth*, 181 Va. 297, 303-04, 24 S.E.2d 435, 438 (1943).

The Commonwealth urges us to depart from this precedent, arguing, first, that it is no longer applicable in light of amendments to the forfeiture provisions subsequently enacted by the General Assembly. Specifically, the Commonwealth points to a 1989 report issued by the Virginia State Crime Commission which recommended revising the forfeiture proceedings for property involved in drug offenses. Virginia State Crime Commission, *Asset Seizure and Forfeitures*, House Doc. No. 7 (1989). In that report, the Commission stated that the proposed revision would avoid the "problem illustrated" by *Haina. Id.* at H5-H6. The Commonwealth describes the *Haina* "problem" as the jurisdictional nature of the filing period for seized property which required dismissal of the forfeiture information if it was not timely filed. This problem was solved, the Commonwealth asserts, because the jurisdictional nature of the filing requirement was eliminated when the General Assembly added a three-year statute of limitations unrelated to the time of seizure[1] and a requirement that the property be returned to the owner if the information was not filed within the 90-day period. We disagree.

While the post-*Haina* amendments to the forfeiture provisions were extensive, none altered the jurisdictional nature of the filing limitation following seizure of property as enunciated in *Haina*. The *Haina* "problem" referred to in the Crime Commission Report was not the legal rationale for the dismissal, but instead the statutory procedure in effect at that time which precluded the Commonwealth from filing the required information in a timely manner.

*Haina* involved the forfeiture of a motor vehicle seized pursuant to a search warrant issued in connection with a suspected drug-smuggling operation. At that time, § 18.2-249 provided that the procedure for forfeiting the motor vehicle in question was contained in § 4-56 which related to forfeiture of motor vehicles used in illegal transportation of alcoholic beverages. This procedure, described in the *Haina* opinion, required the officer seizing the property to report the seizure to the Commonwealth's attorney, who in turn had to notify the commissioner of the Division of Motor Vehicles. The commissioner then was required to "promptly" certify the registration information to the Commonwealth's attor-

---

[1] Section 19.2-386.1 provides in relevant part that "In all cases, an information shall be filed within three years of the date of actual discovery by the Commonwealth of the last act giving rise to the forfeiture or the action for forfeiture will be barred."

ney and to notify the registered owner and any lienors of the proceeding. *Haina*, 235 Va. at 575, 369 S.E.2d at 403. The commissioner in *Haina* did not respond to the Commonwealth's attorney's first notice of seizure, sent three days following the seizure. In fact, the commissioner did not respond until a second request was made two months later, well beyond the limitations period of 60 days from the date the Commonwealth's attorney was notified of the seizure. *Id.* at 573, 369 S.E.2d at 402. The delay caused by the required notification and certification process was the "problem" which resulted in the Commonwealth's inability to file an information within the period prescribed in the statute, not the jurisdictional nature of the limitations period.

██ To rectify this "problem," the General Assembly eliminated reference to § 4-56 and established a procedure applicable specifically to forfeitures related to drug crimes. Acts 1989, ch. 690. Under the revision, and the current statutes, the Commonwealth's attorney's ability to file an information for forfeiture is not dependent on or subject to delay by the actions of some other officer or official. Thus, the legislative revision did not remove the jurisdictional nature of the 90-day limitation, but merely simplified the necessary procedure to avoid delay.

██ We also reject the Commonwealth's argument that the addition of the three-year statute of limitations in § 19.2-386.1 negates the jurisdictional nature of the 90-day filing limitation. As we read § 19.2-386.1, the three-year limitation applies only in circumstances where the property has not been seized. This understanding is reflected in the 1989 Virginia Crime Commission Report which specifically states that the proposed limitations provision

> is a combination of old and new. It establishes a set three-year limitation where property has not been seized, but only allows the State to hold the property for 90 days without starting the adjudicative process.

House Doc. No. 7 at H5. Furthermore, this statement reflects an understanding that the revision would retain, not abandon, the "old" law imposing a jurisdictional filing requirement within a specific time period after seizure. Accordingly, we conclude that the revisions to the forfeiture provisions subsequent to *Haina*, while significant, do not affect *Haina*'s holding that, where prop-

erty has been seized, the requirement that forfeiture proceedings be initiated within the stated statutory time period is jurisdictional.

The Commonwealth next asserts that the time limitation in § 19.2-386.3 by its own terms applies only to property that "has been seized under § 18.2-249." In these cases, the Commonwealth argues, the initial physical seizure of the properties was undertaken pursuant to "the authority of § 19.2-53 and the Fourth Amendment to the Constitution of the United States" and that seizure under § 18.2-249 did not occur until the Commonwealth declared its decision to seek forfeiture of the property. The Commonwealth concludes that the trial courts erred in dismissing the informations because the property, although physically seized substantially before the informations were filed, was not "seized for forfeiture" until shortly before filing the necessary informations, well within the limitations period.

The Commonwealth's theory transforms the seizure from an event occurring at a readily determined and objective point in time into an event, subjective in nature, whose occurrence is known only to the Commonwealth. Furthermore, the timing of this subjective event is within the absolute discretion of the Commonwealth.[2] Only the Commonwealth knows when the seizure changed from "evidentiary" to "forfeiture." This theory of seizure can effectively defeat any allegation that the information was not filed within the 90-day limitation period and renders meaningless the apparent protection afforded property owners—releasing property if no information is filed within 90 days of seizure.

As illustrated by the facts in the instant cases, successfully challenging the Commonwealth's declaration that the forfeiture seizure occurred on a date within 90 days of the information's filing is highly improbable. In *Brunson*, the notice of seizure, filed the same day as the information, recited that the seizure for forfeiture occurred on August 3, 1992, two days before the information was filed, even though the property had been seized and retained in the possession of the Commonwealth for over a year. Similarly, the information in *$1950* recites that the forfeiture

---

[2] The Attorney General, in its amicus brief states: "When property is already in the lawful custody of the police, seizure for forfeiture becomes discretionary and takes place only when the law enforcement authorities have determined that they have sufficient facts to legally support a forfeiture action and . . . that they intend to proceed with a forfeiture action."

seizure occurred on April 29, 1993, the day of the property owner's sentencing hearing. There is no evidence that the occurrences of these "forfeiture seizures" were communicated to the owners or anyone else, and there is no requirement in the statute that such information be so communicated. Consequently, under its theory, the Commonwealth is at liberty to choose the date when the seizure is transformed from one of evidence to one of forfeiture with little fear of contradiction or concern regarding compliance with the 90-day filing requirement.

We agree with the Commonwealth that there are a number of legal justifications for the seizure of property. The Commonwealth is also correct when it notes that retention of property seized for evidentiary purposes is not restricted by the 90-day filing requirement of § 19.2-386.3(A). Furthermore, in some situations, property seized for evidentiary purposes may not initially appear to be subject to forfeiture under § 18.2-249; alternatively, property initially considered forfeitable may, after a hearing, not meet the requirements for forfeiture under that section. The General Assembly, however, has recognized and addressed these potentially conflicting situations. Code § 19.2-386.10(B) provides:

> The information and trial thereon shall be independent of any criminal proceeding against any party or other person for violation of law. However, upon motion and for good cause shown, the court may stay a forfeiture proceeding that is related to any indictment or information.

This provision mitigates any adverse effects which may flow from imposing the 90-day filing requirement of § 19.2-386.3(A) at the time the property is initially and physically seized.

In conclusion, we are of opinion that the General Assembly neither established nor intended to establish a forfeiture scheme based on the dichotomy of seizure suggested by the Commonwealth. We conclude that if the Commonwealth wishes to obtain title to property through the forfeiture provisions of Code §§ 19.2-386.1 through -386.14, it must file an information for forfeiture within 90 days of the date it physically takes the property into its possession. Failure to do so deprives a trial court of jurisdiction to consider the information for forfeiture. *Haina*, 235 Va. at 576, 369 S.E.2d at 404. Accordingly, we will affirm the judgments of the trial courts in these two cases.

JUSTICE WHITING, with whom CHIEF JUSTICE CARRICO joins, dissenting.

I agree that the 90-day limitation in Code § 19.2-386.3(A) is jurisdictional *if* the property is seized for forfeiture. However, I cannot agree with the majority's resolution of what I regard as the dispositive issue.

In my opinion, that issue turns upon the application of clear and unambiguous provisions of the following controlling statutes, which were in effect when the property was seized.

Code § 18.2-249 provided in pertinent part:

A. The following property shall be subject to lawful seizure . . . (i) all money . . . and all other personal and real property of any kind or character used in substantial connection with the illegal manufacture, sale or distribution of controlled substances.

B. *All seizures and forfeitures under this section* shall be governed by the procedures contained in Chapter 22.1 (§ 19.2-386.1, *et seq.*) of Title 19.2 of this Code [Forfeitures in Drug Cases, Code §§ 19.2-386.1 to -386.13].

Acts 1989, c. 690 (emphasis added).

Code § 19.2-386.3 provided in pertinent part:

*When property has been seized under § 18.2-249* prior to filing an information, then an information against that property shall be filed within ninety days of the date of seizure or the property shall be released to the owner or lien holder.

Acts 1989, c. 690 (emphasis added). In my view, the emphasized language clearly and unambiguously limits the application of the 90-day time period to seizures for forfeiture purposes and demonstrates that the statutes have no application to seizures for evidentiary purposes.

The majority recognizes that there can be seizures for purposes other than forfeiture and that the Commonwealth claims the seizures in the instant cases were for use as evidence. However,

the majority expresses its concern that because "[o]nly the Commonwealth knows when the seizure changed from 'evidentiary' to 'forfeiture,' [this theory] renders meaningless the apparent protection afforded property owners—releasing property if no information is filed within 90 days of seizure."

The majority overlooks the fact that if the property has been seized for evidentiary purposes, its owner cannot secure its return within 90 days of its seizure. It also overlooks the provision in Code § 19.2-386.3(A) requiring the Commonwealth's attorney to file notice of a forfeiture seizure in the circuit clerk's office "within twenty-one days [from the forfeiture]." And from its erroneous premise, the majority reasons that the legislature must have intended to make *all* seizures of property subject to the jurisdictional time limitation, despite the clear and unambiguous statutory language limiting its application to "seizures under this section" and "seiz[ures] under § 18.2-249."

In *Loudoun County Dep't of Soc. Services v. Etzold*, 245 Va. 80, 425 S.E.2d 800 (1993), we reversed the Court of Appeals, which had applied rules of construction to unambiguous statutory language to avoid an allegedly "untenable and unworkable" result. In *Etzold*, we pointed out:

> While the Court of Appeals' concern for the result of a particular interpretation of a statute may be appropriate under some circumstances, it is not appropriate, or correct, here. A primary rule of statutory construction is that courts must look first to the language of the statute. If a statute is clear and unambiguous, a court will give the statute its plain meaning. *Brown v. Lukhard*, 229 Va. 316, 321, 330 S.E.2d 84, 87 (1985).

*Id.* at 85, 425 S.E.2d at 802. As in *Etzold*, none of the litigants here consider the emphasized language ambiguous. However, the majority apparently assumes that the statute is ambiguous since it speculates about the reason for its adoption by considering and construing a crime commission report that the proposed revision would avoid the "problem illustrated" by *Haina*. Applying *Etzold*, I would not speculate about the reasons for the adoption of these unambiguous statutory provisions; rather, I would give the statute its plain meaning.

However, if the statute requires construction, I do not agree with the majority's description of the "problem." Although the commission's report does not describe the *Haina* "problem," the majority speculates as to its nature.

I assume that the crime commission was familiar with the Commonwealth's contentions in its brief in *Haina*, and nowhere therein does it appear that the Commonwealth argued that the Commissioner's delayed response in violation of Code § 4-56 was the "problem." Instead, the Commonwealth contended that the 60-day seizure limitation should only apply when the seizure was for purposes of forfeiture and should not apply when the seizure was for evidentiary purposes. The Court implicitly rejected that contention by referring to Code § 18.2-249, which then provided in pertinent part that:

> [M]otor vehicles, . . . *and all other personal property of any kind or character*, used in connection with the illegal manufacture, sale or distribution of controlled substances . . . *shall be forfeited to the Commonwealth and may be seized* by an officer.

Acts 1982, c. 462 (emphasis added).

As *Haina* notes, under Code § 4-56(b) the officer seizing the property must "forthwith" report its seizure to the Commonwealth's attorney. *Id.* at 575, 401 S.E.2d at 403. In the language of Code § 4-56(d), "[w]ithin sixty days after receiving notice of any such seizure the attorney for the Commonwealth *shall file* . . . an information against the seized property in the clerk's office." Code § 4-56(d).[1] In contrast, the statutes applicable to these forfeitures contain no such sweeping and mandatory language, but expressly confine its 90-day limitation period to instances in which the property was seized for forfeiture purposes.

---

[1] A similar mandatory and all-encompassing statute was involved in *Tri-Pharmacy Inc. v. United States*, 203 Va. 723, 733 n.5, 127 S.E.2d 89, 96 n.5 (1962), also relied upon by the property owners. There, a lottery forfeiture statute, Code § 18.1-341, then in effect, provided that property involved in illegal lotteries "shall be forfeited and may be seized by an officer and held to await proceedings for condemnation." *Id.*

Because the forfeiture was absolute under the statute, the Court held that the Commonwealth acquired title immediately upon seizure and thereby obtained a priority in the property superior to a later assessment for taxes filed by the United States. *Id.* at 735-36, 127 S.E.2d at 97-98.

This change may well have been the legislature's resolution of the *Haina* "problem."

Such a solution would harmonize the applicable code sections with Code § 19.2-53, which authorizes the Commonwealth to seize and hold incriminating evidence. It also harmonizes Code § 18.2-249 with the Commonwealth's right to seize and hold such evidence lawfully seized in a search incident to a lawful arrest. *See Lugar v. Commonwealth*, 214 Va. 609, 613, 202 S.E.2d 894, 898 (1974) (incriminating property lawfully seized during warrantless search incident to arrest may be introduced in evidence).

In my opinion, these amendments gave the Commonwealth the opportunity to delay its forfeiture decision until it became aware of all the facts pertinent to forfeiture. As suggested by the Commonwealth, property seized and used as important incriminating evidence may not be subject to forfeiture because its owner was unaware of its use, or for other reasons enumerated in the exemption from forfeiture provisions of Code § 19.2-386.8. Such facts often emerge in a criminal prosecution, and a delayed forfeiture decision could avoid or reduce the time and expense of a premature forfeiture proceeding. However, the majority's construction of these statutes subjects the Commonwealth, property owners, and the courts to the burden of what may later turn out to be an unnecessary forfeiture proceeding whenever property is seized for use as evidence.

Additionally, this construction creates a potential conflict between the Commonwealth's right to hold property for use as evidence in a criminal trial and the property owners' rights to demand the release of their property under the provisions of Code § 19.2-386.3. In my opinion, the majority's interpretation violates our settled rule of statutory construction that we construe apparently conflicting statutes in a manner to harmonize them and give effect to both statutes. *Bd. of Supervisors v. Marshall*, 215 Va. 756, 761, 214 S.E.2d 146, 150 (1975).[2]

Although there was some indication in each of these cases that the property may have been seized for use as evidence, neither court resolved this issue. Both courts, citing *Haina*, held that a

---

[2] I do not think that Code § 19.2-386.10(B) resolves this conflict, as the majority suggests. The litigants and the courts are still put to the expense of a court proceeding to secure a delay of the possibly premature forfeiture action. In my opinion, this section was enacted to delay litigation of the forfeiture case when the property had been seized for forfeiture "under the provisions of Code § 18.2-249."

seizure of the property for any purpose triggered the 90-day information filing requirement and dismissed the cases for lack of subject matter jurisdiction. Accordingly, I would reverse both cases and remand them for further proceedings.