Present:  All the Justices

BOARD OF SUPERVISORS OF FAIRFAX
COUNTY, ET AL.

v.  Record No. 051269  OPINION BY JUSTICE CYNTHIA D. KINSER
                                       March 3, 2006
BOARD OF ZONING APPEALS OF FAIRFAX
COUNTY, ET AL.

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Randy I. Bellows, Judge

The primary issue in this appeal concerns the timeliness of a petition for a writ of certiorari filed by the Fairfax County Board of Supervisors (the Supervisors) and the Fairfax County Zoning Administrator (the Zoning Administrator) (collectively the County), seeking review of a final decision of the Fairfax County Board of Zoning Appeals (the BZA).  Because the 30-day filing requirement set forth in Code § 15.2-2314 is not an aspect of the circuit court's subject matter jurisdiction to hear the appeal, the County's failure to timely file its petition for a writ of certiorari cannot be raised for the first time before this Court.

This appeal also involves the interpretation of a 1941 zoning ordinance and whether a garage apartment built over 50 years ago presently qualifies as a lawful nonconforming use.  Because the relevant zoning ordinance permitted only

one principal dwelling on a single lot, we will reverse the judgment of the circuit court.

## I. RELEVANT FACTS AND PROCEEDINGS

Donald J. and Jaki S. McCarthy (the McCarthys) own approximately 1.475 acres of real estate located in Fairfax County. The property is currently situated in a residential zoning district known as R-1, meaning that there cannot be more than one dwelling unit on any one lot nor can "a dwelling unit be located on the same lot with any other principal building." Fairfax County Zoning Ordinance (Zoning Ordinance) § 2.501. The property is developed with a single-family dwelling, built in 1945, and a two-story detached garage that contains an apartment on the second floor. The garage apartment was constructed in 1950.

On February 5, 2004, a zoning inspector informed the McCarthys that the existence of the garage apartment violated Zoning Ordinance § 2.501.[1] The McCarthys appealed the violation notice to the BZA. They claimed that the garage apartment was a qualified nonconforming use on the basis that it was lawfully established under the 1941 Fairfax County Zoning Ordinance (1941 Ordinance).

In 1941, the subject property was zoned as agricultural. In the "Agricultural District," permitted uses included any use that was allowed in the "Rural Residence District." 1941 Ordinance § III(A)(2). Permitted uses in the Rural Residence District included a "[s]ingle family detached dwelling" and a "[p]rivate garage which shall not be used to house more than two vehicles in excess of those used by the residents of the premises on which the garage is located." Id. at §§ IV(A)(1), IV(A)(7). The term "single-family dwelling" was defined as "[a] dwelling constructed to accommodate only one family, and containing only one housekeeping unit." Id. at § I(6). The 1941 Ordinance defined the term "garage" as "[a] building used for the housing or storing of motor driven vehicles" and listed it as an example of an "accessory building" in the definition provided for that term. Id. at §§ I(1), I(9). No structure in the agricultural district could be erected "on a lot or building site containing an area of less than one-half . . . acre." Id. at § III(C)(1).

At a public hearing before the BZA held on May 25, 2004, the McCarthys argued that there was nothing in the

_____

[1] The zoning inspector advised the McCarthys of other violations of the Zoning Ordinance, but those alleged

3

1941 Ordinance prohibiting "a property from having two dwelling units." They presented testimony from the daughter of the original owner of the subject property. She stated that the "apartment was built with the specific intended use as a dwelling. . . . The apartment was built in accordance with the Zoning Ordinance in effect at that time. It has been continually operated as a rental apartment ever since."

After hearing the evidence, the BZA agreed with the McCarthys and voted to overturn the decision of the Zoning Administrator. One member of the BZA noted that the language in the 1941 Ordinance was ambiguous. Another member stated, "it sounds to me like, as long you [sic] had enough room, a half-acre per structure, you could still do a structure on something other than a lot." Since the 1941 Ordinance specifically said "one or more," the member reasoned that the second dwelling would have been allowed. The perceived ambiguity in the 1941 Ordinance, coupled with the fact that the garage apartment had been continually used since it was built, led the BZA to find in favor of the McCarthys.

In a letter to the McCarthys, the BZA confirmed its May 25, 2004 action but advised the McCarthys that the date

_____

violations are not before us in this appeal.

4

of the BZA's final decision was June 2, 2004. On July 1, 2004, the County petitioned the circuit court, pursuant to Code § 15.2-2314, for a writ of certiorari to review the BZA's decision. The circuit court granted the writ and ordered the BZA "to make a verified return of its record." The circuit court subsequently heard the appeal and affirmed the decision of the BZA. The court concluded that the BZA had not "applied erroneous principles of law [or] that its decision was plainly wrong."

The County appealed from the circuit court's judgment to this Court. In the opening brief, the County admits that, under the Court's decision in West Lewinsville Heights Ass'n v. Board of Supervisors, 270 Va. 259, 618 S.E.2d 311 (2005), its petition for a writ of certiorari seeking review of the BZA's final decision was not timely filed. The County, however, argues the timeliness of the petition for a writ of certiorari cannot be raised for the first time before this Court. The BZA did not participate in the proceedings before the circuit court, nor did the McCarthys question the timeliness of the petition in the circuit court. The BZA, however, entered an appearance in this Court to address the issue of timely filing.

## II. ANALYSIS

We will first address the issue concerning the timeliness of the County's petition for a writ of certiorari and whether that issue can be raised for the first time in this Court. We will then consider the merits of the County's assignments of error challenging the decision of the circuit court finding that the McCarthys' garage apartment is a lawful nonconforming use.

### 1. Timeliness

The provisions of Code § 15.2-2314 govern appeals from a final decision of a board of zoning appeals to a circuit court. In pertinent part, the statute states:

> Any person or persons jointly or severally aggrieved by any decision of the board of zoning appeals, or any aggrieved . . . department, board or bureau of the locality, may file with the clerk of the circuit court for the county or city a petition specifying the grounds on which aggrieved within 30 days after the final decision of the board.

Code § 15.2-2314. Thus, under the terms set forth by the General Assembly, the County had 30 days from the BZA's final decision to file a petition for a writ of certiorari.

Even though the County admits that it did not file its petition within that 30 days, the question that remains is whether the timeliness of the petition for a writ of certiorari can be questioned for the first time before this

6

Court.  Stated differently, is the failure to file the petition within the required 30-day period a defect in the circuit court's subject matter jurisdiction and therefore a claim not capable of being waived?  See Earley v. Landsidle, 257 Va. 365, 371, 514 S.E.2d 153, 156 (1999) ("[t]he lack of subject matter jurisdiction may be raised at any time during a proceeding," including on appeal).

We have not previously determined the nature of the 30-day period specified in Code § 15.2-2314 for filing a petition for a writ of certiorari to review the final decision of a board of zoning appeals.  The County, however, asserts that we decided this issue in Board of Supervisors of Fairfax County v. Board of Zoning Appeals of Fairfax County, 225 Va. 235, 302 S.E.2d 19 (1983).  We do not agree.

There, the question was "whether the successful applicant before the board of zoning appeals must be made a party to the certiorari proceeding within the thirty-day period prescribed by" former Code § 15.1-497 (now Code § 15.2-2314).  Id. at 237, 302 S.E.2d at 20.  We concluded that, because the statute required

> only that an aggrieved person file a petition for
> certiorari within the prescribed thirty-day
> period and that the petition specify the grounds
> upon which the petitioner is aggrieved. . . . no
> action other than the filing of a proper petition

within the prescribed period [was] necessary to complete the institution of the proceeding.

Id. at 238, 302 S.E.2d at 21. Until the board of zoning appeals made a return on the writ of certiorari, "the only necessary parties [were] the aggrieved person and the board." Id. Unlike the present case, the aggrieved party in Board of Supervisors had timely filed the petition for a writ of certiorari in the circuit court.

In order to decide whether the County's failure to timely file the petition for a writ of certiorari can be raised for the first time before this Court, we must revisit the term "jurisdiction." "Jurisdiction . . . is the power to adjudicate a case upon the merits and dispose of it as justice may require." Shelton v. Sydnor, 126 Va. 625, 629, 102 S.E. 83, 85 (1920). In order for a court to have the power to adjudicate a particular case upon the merits, i.e., to have "active jurisdiction," Farant Inv. Corp. v. Francis, 138 Va. 417, 427-28, 122 S.E. 141, 144 (1924), several elements are needed. See also Morrison v. Bestler, 239 Va. 166, 169, 387 S.E.2d 753, 755 (1990). Those elements are

subject matter jurisdiction,[2] which is the authority granted through constitution or statute

---

[2] Subject matter jurisdiction is sometimes referred to as "potential jurisdiction", i.e. " 'the power granted by the sovereignty creating the court to hear and determine

8

to adjudicate a class of cases or controversies; territorial jurisdiction, that is, authority over persons, things, or occurrences located in a defined geographic area; notice jurisdiction, or effective notice to a party or if the proceeding is in rem seizure of a res; and "the other conditions of fact must exist which are demanded by the unwritten or statute law as the prerequisites of the authority of the court to proceed to judgment or decree."

Id. (quoting Farant Inv. Corp., 138 Va. at 427-28, 122 S.E. at 144) (footnote added).  All these elements "are necessary to enable a court to proceed to a valid judgment."  Morrison, 239 Va. at 169, 387 S.E.2d at 755.  There is, however, a fundamental distinction between the element of subject matter jurisdiction and the "other 'jurisdictional' elements."  Id.

Jurisdiction of the subject matter can only be acquired by virtue of the Constitution or of some statute.  Neither the consent of the parties, nor waiver, nor acquiescence can confer it.  Nor can the right to object for a want of it be lost by acquiescence, neglect, estoppel or in any other manner. . . . and the want of such jurisdiction of the trial court will be noticed by this court ex mero motu.

Humphreys v. Commonwealth, 186 Va. 765, 772-73, 43 S.E.2d 890, 894 (1947) (citation omitted); accord Morrison, 239 Va. at 169, 387 S.E.2d at 755.  Furthermore, the lack of subject matter jurisdiction can be initially raised at any

---

controversies of a given character.' "  Farant Inv. Corp., 138 Va. at 427, 122 S.E. at 144 (citation omitted).

point during the proceedings, including on appeal. *Morrison*, 239 Va. at 170, 387 S.E.2d at 756.

In Code § 17.1-513, the General Assembly granted circuit courts appellate jurisdiction over appeals from the judgments and proceedings of inferior tribunals in such civil and criminal cases as the General Assembly may provide. The General Assembly granted authority to circuit courts specifically to review any final decision of a board of zoning appeals in Code § 15.2-2314. Together, those two statutes confer upon circuit courts subject matter jurisdiction over the class of cases consisting of appeals from the final decisions of boards of zoning appeals.

The provisions of Code § 15.2-2314, however, demand another "condition[] of fact [to] exist . . . as the pre-requisites of the authority of the court to proceed to judgment or decree." *Farant Inv. Corp.*, 138 Va. at 427-28, 122 S.E. at 144. The aggrieved person must file in the circuit court a petition for a writ of certiorari "specifying the grounds on which aggrieved within 30 days after the final decision of the board." Code § 15.2-2314. The 30-day filing requirement set by the General Assembly does not define the class of cases, i.e. the subject matter jurisdiction, over which the circuit court has authority to adjudicate. Instead, as noted above, that class of cases

10

is established in Code §§ 17.1-513 and 15.2-2314 as appeals from final decisions of boards of zoning appeals.  In other words, the 30-day filing requirement is not an aspect of subject matter jurisdiction, but rather is a statutory prerequisite for a circuit court to proceed to adjudicate an appeal from a final decision of a board of zoning appeals.[3]  See Morrison, 239 Va. at 169, 387 S.E.2d at 755; Farant Inv. Corp., 138 Va. at 427-28, 122 S.E. at 144.

We made a similar distinction in Nelson v. Warden of Keen Mountain Corr. Ctr., 262 Va. 276, 552 S.E.2d 73 (2001).  There, we distinguished between subject matter jurisdiction granted by constitution or statute and the statutory requirements that enable a court to exercise its subject matter jurisdiction.  Id. at 282, 552 S.E.2d at 76. We concluded that a statutory requirement of notice to parents was not jurisdictional but procedural in nature and could be waived by a failure to raise a timely objection to the lack of notice.  Id. at 285, 552 S.E.2d at 78.

---

[3] The 30-day filing requirement could also be viewed as "notice jurisdiction, or effective notice to a party." Morrison, 239 Va. at 169, 387 S.E.2d at 755.  The purpose of a time limitation for filing an appeal "is not to penalize the appellant but to protect the appellee.  If the required papers are not [timely] filed . . . the appellee is entitled to assume that the litigation is ended, and to act on that assumption."  Avery v. Brunswick County Sch. Bd., 192 Va. 329, 333, 64 S.E.2d 767, 770 (1951).

Likewise, in Morrison we concluded that a 90-day waiting period for filing a medical malpractice action was a mandatory procedural requirement and did not involve subject matter jurisdiction. 239 Va. at 173, 387 S.E.2d at 757-58. The failure to comply with the requirement, therefore, did "not divest the [circuit] court of [its] subject matter jurisdiction." Id. at 173, 387 S.E.2d at 758. In reaching that decision, we pointed out that the General Assembly had, by statute, granted subject matter jurisdiction to circuit courts to decide cases and controversies involving torts and that medical malpractice actions are tort claims. Id. at 172, 387 S.E.2d at 757; cf. Sabre Constr. Corp. v. County of Fairfax, 256 Va. 68, 72, 501 S.E.2d 144, 147 (1998) (ten-day requirement for filing appeal from decision of public body to award a contract was "a special limitation" on the "substantive right to file an action against a county" or a "condition precedent to maintaining the claim"); Commonwealth v. Brunson, 248 Va. 347, 353, 448 S.E.2d 393, 397 (1994) (failure to file an information for forfeiture within 90 days of the date when the Commonwealth seized property deprived the trial court of jurisdiction to consider the information).[4]

_____

[4] We did not decide in Sabre or Brunson whether the

12

In many cases where time limitations for filing appeals were at issue, we referred to those filing requirements as "jurisdictional." For example, to perfect an appeal from a circuit court to this Court, Rule 5:9 states that "[n]o appeal shall be allowed unless, within 30 days after the entry of final judgment or other appealable order or decree, counsel for the appellant files with the clerk of the trial court a notice of appeal." Rule 5:9(a). A timely-filed notice of appeal is necessary to confer jurisdiction upon this Court to hear the appeal. See Super Fresh Food Mkts. v. Ruffin, 263 Va. 555, 563, 561 S.E.2d 734, 739 (2002) (since notice of appeal was filed after the 30-day time period, the "Court lack[ed] jurisdiction to consider [it]"); School Bd. of the City of Lynchburg v.

---

filing requirement at issue in each case was an aspect of subject matter jurisdiction and thus capable of being raised at any time, nor did we need to do so. In both instances, the issue had been timely raised in the trial court. Sabre, 256 Va. at 70, 510 S.E.2d at 146; Brunson, 248 Va. at 349, 448 S.E.2d at 395. However, in Cunningham v. Smith, 205 Va. 205, 135 S.E.2d 770 (1964), we allowed a defendant, in a collateral attack on his conviction, to claim that his conviction was void because the orders of conviction did not show the concurrence of the Commonwealth's Attorney in waiving a trial by jury as required by the Constitution of Virginia. Id. at 206, 135 S.E.2d at 771. We concluded that compliance with the mandatory provision of the Constitution of Virginia was essential to the trial court's jurisdiction to try the defendant without a jury and that, without compliance, jurisdiction was not obtained. Id. at 208, 135 S.E.2d at 773.

13

*Caudill Rowlett Scott, Inc.*, 237 Va. 550, 556, 379 S.E.2d 319, 323 (1989) (this Court lacked "jurisdiction to entertain the appeal on its merits because no notice of appeal was filed with the clerk of the trial court within 30 days after entry of the final order"); cf. *Hurst v. Ballard*, 230 Va. 365, 367, 337 S.E.2d 284, 285 (1985) (failure to pay writ tax within prescribed time limit divests circuit court of jurisdiction because this Court has consistently "held that the failure to comply with rules governing appeals precludes 'the exercise of the jurisdiction of the circuit court over the proceedings' " (citation omitted)).

Similarly, in the Administrative Process Act, the General Assembly provided a procedure for court review of certain actions taken by administrative agencies. Code § 2.2-4026. To obtain such a review, Rule 2A:2 requires that "[a]ny party appealing from a regulation or case decision shall file, within 30 days . . . of the final order in the case decision, with the agency secretary a notice of appeal." The timely filing of that notice of appeal is jurisdictional. See *State Water Control Bd. v. Crutchfield*, 265 Va. 416, 423, 578 S.E.2d 762, 766 (2003) ("[b]ecause the petitioners' notice of appeal and original petition for appeal were timely filed within the 30-day

14

time periods specified . . . the circuit court had jurisdiction"); Virginia Retirement Sys. v. Avery, 262 Va. 538, 542, 551 S.E.2d 612, 614 (2001) ("the circuit court had jurisdiction over the appeal because [appellee] had perfected it by filing her notice of appeal and her petition for appeal within the times specified"); Occoquan Land Dev. Corp. v. Cooper, 239 Va. 363, 368, 389 S.E.2d 464, 467 (1990) (finding that "the county failed to perfect its appeal in a timely manner, . . . the trial court was without jurisdiction to hear the case"); see also Sours v. Virginia Bd. for Architects, Prof'l Eng'rs, Land Surveyors and Landscape Architects, 30 Va. App. 313, 318, 516 S.E.2d 712, 715 (1999) ("the timely filing of a petition for appeal of an agency decision is jurisdictional"); cf. Bendele v. Virginia Dep't of Med. Assistance Servs., 29 Va. App. 395, 400, 512 S.E.2d 827, 829-30 (1999) ("because the appellant concedes that she did not comply with Rule 2A:4, the circuit court did not have jurisdiction to hear this administrative appeal"). In all these cases, we did not, however, state that the time requirements for the appellate filings at issue were an aspect of subject matter jurisdiction. That question was not before us because, in each case, any concern about compliance with the respective time period for filing the appeal had been timely raised,

and we therefore did not need to decide whether the issue had been or could have been waived.

Like the statutory provisions in Morrison and Nelson, the 30-day filing requirement in Code § 15.2-2314 does not involve the subject matter jurisdiction of a circuit court to adjudicate the matter in controversy.  As such, the filing requirement is an "other 'jurisdictional' element[]" subject to waiver if not properly raised.  Morrison, 239 Va. at 169, 387 S.E.2d at 755.  Thus, we hold that the County's failure to file the petition for a writ of certiorari under Code § 15.2-2314 within 30 days of the final decision of the BZA did not divest the circuit court of its subject matter jurisdiction.  The issue of timely filing is therefore waived since it was not raised in the circuit court.  See Rule 5:25.  We turn now to the merits of the assignments of error presented by the County.

### 2. Nonconforming Use

The sole remaining issue is whether the garage apartment was a lawful nonconforming use.  We have defined such a use as " 'a lawful use existing on the effective date of the zoning restriction and continuing since that time in non-conformance to the ordinance.' "  C. & C., Inc. v. Semple, 207 Va. 438, 439 n.1, 150 S.E.2d 536, 537 n.1 (1966) (citation omitted); see also Code § 15.2-2307.  When

16

a locality challenges a use as illegal, the locality "has the initial burden of producing evidence to show the uses permitted in the zoning district in which the land is located and that the use of the land is not a permitted use." Masterson v. Board of Zoning Appeals, 233 Va. 37, 47, 353 S.E.2d 727, 734 (1987). The burden then shifts to the landowner to establish that the use is a lawful nonconforming use. Id. The landowner "has both the burden of initially producing evidence tending to prove a lawful nonconforming use and the burden of persuading the fact-finder." Knowlton v. Browning-Ferris Indus. of Virginia, Inc., 220 Va. 571, 574, 260 S.E.2d 232, 235 (1979).

The final decision of a board of zoning appeals with regard to "an order, requirement, decision or determination of a zoning administrator . . . in the administration or enforcement of any ordinance . . . [is] presumed to be correct" on appeal to a circuit court. Code § 15.2-2314; accord Lamar Co., LLC v. Board of Zoning Appeals, 270 Va. 540, 545, 620 S.E.2d 753, 755-56 (2005). "The appealing party may rebut that presumption by proving by a preponderance of the evidence . . . that the board of zoning appeals erred in its decision." Code § 15.2-2314.

The "preponderance of the evidence" standard, however, pertains only to questions about the sufficiency of the

17

record to prove a particular fact. Lamar, 270 Va. at 546, 620 S.E.2d at 756. When, as in the case before us, the issue is a question of law, i.e., the interpretation of the 1941 Ordinance, the appealing party must show that the board either applied " 'erroneous principles of law' " or that its decision was " 'plainly wrong and in violation of the purpose and intent of the zoning ordinance.' " Id. at 545, 620 S.E.2d at 756 (quoting City of Suffolk v. Board of Zoning Appeals, 266 Va. 137, 142, 580 S.E.2d 796, 798 (2003)). On appeal to this Court, a circuit court's determination affirming the final decision of a board of zoning appeals is accorded the same presumption of correctness. Patton v. City of Galax, 269 Va. 219, 229, 609 S.E.2d 41, 46 (2005).

The 1941 Ordinance was a permissive zoning ordinance. County of Fairfax v. Parker, 186 Va. 675, 688, 44 S.E.2d 9, 15 (1947). Under such an ordinance " 'only those uses which are specifically named are permitted, and so the burden is on the property owner to show that the use he proposes is one that is included or permitted.' " Id. at 684, 44 S.E.2d at 13 (citation omitted). Thus, in order to prevail, the McCarthys had to show that the 1941 Ordinance permitted, in the Agricultural District, multiple single-family dwellings on a lot. In order to determine if the

18

garage apartment was permitted on the subject property under the 1941 Ordinance, the definition of the term "lot" must be examined:

> A piece or parcel of land abutting on a street whose area, in addition to the parts thereof occupied or which may hereafter be occupied by a building and buildings accessory thereto, is sufficient to furnish the yards, and minimum area required for compliance with this ordinance.  The word lot shall include building site.

1941 Ordinance § I(13).

We agree with the County's argument that, under the definition of the term "lot" in the 1941 Ordinance, only one principal dwelling was permitted on a single lot.  The critical portion of the definition is the clause "in addition to the parts thereof occupied or which may . . . be occupied by a building and buildings accessory thereto." (Emphasis added.)  This clause limited the number of principal buildings permitted on a single lot to one building but permitted more than one accessory building.  Thus, a lot consisted of a piece of land abutting on a street whose area, in addition to the area occupied by a building and accessory buildings, met the yards and minimum area requirements of the 1941 Ordinance.  Although the term "building site" is not defined in the 1941 Ordinance, the definition of the term "lot" specifically included a

19

building site. The McCarthys overlook this portion of the definition in their argument that the term "building site" is separate and distinct from the term "lot."

We agree with the McCarthys' argument that the use of the word "parts" in the definition meant that lots could have different parts or areas occupied by buildings. That conclusion, however, does not change the clear language of the 1941 Ordinance permitting only one principal building on a lot. The word "parts" merely referenced the fact that, if a lot had a principal building and one or more accessory buildings, "parts," as opposed to a "part," of the lot would be occupied by buildings.

This interpretation of the 1941 Ordinance is consistent with the interpretation given to it by officials charged with its enforcement. At the BZA hearing, it was pointed out that such officials had "consistently allowed one dwelling unit per lot or building site under the Ordinance since [19]41." Furthermore, a member of the BZA who had worked in Fairfax County under the 1941 Ordinance stated, "I know of no circumstance at all where legally two structures, residential, two units, residential units, were permitted on one lot." "A consistent administrative construction of an ordinance by the officials charges with its enforcement is entitled to great weight." Masterson,

233 Va. at 44, 353 S.E.2d at 733; accord Board of Supervisors v. Robertson, 266 Va. 525, 538, 587 S.E.2d 570, 578 (2003).

Finally, we point out that the only evidence offered by the McCarthys to show that the garage apartment is a lawful nonconforming use was the testimony of the original landowner's daughter. But, she merely opined that the garage apartment was built in accordance with the 1941 Ordinance. Neither she nor the McCarthys presented any facts or documents to substantiate that opinion. That evidence alone was not sufficient to carry the McCarthys' burden of persuading the fact-finder that the garage apartment was permitted under the 1941 Ordinance and is now a lawful nonconforming use. See Knowlton, 220 Va. at 574, 260 S.E.2d at 235.

Thus, we conclude that the BZA's final decision was "plainly wrong and in violation of the purpose and intent of the zoning ordinance." Masterson, 233 Va. at 44, 353 S.E.2d at 733; Alleghany Enterprises, Inc. v. Board of Zoning Appeals of the City of Covington, 217 Va. 64, 67, 225 S.E.2d 383, 385 (1976). We will therefore reverse the judgment of the circuit court.

III. CONCLUSION

21

For these reasons, we hold the 30-day period for filing a petition for a writ of certiorari seeking review of a final decision of a board of zoning appeals is a statutory prerequisite or "condition[] of fact" that enables a circuit court to exercise its authority to review the final decision of a board of zoning appeals. Farant Inv. Corp., 138 Va. 427-28, 122 S.E. at 144; see also Nelson, 262 Va. at 284-85, 552 S.E.2d at 77. The filing requirement is not an aspect of the circuit court's subject matter jurisdiction. Thus, the failure to file the petition within the required 30 days is waived if not timely raised during the proceedings. Since the County's failure to timely file its petition for a writ of certiorari was first raised in this Court, the issue is waived and we will not address it.[5]

Furthermore, since the 1941 Ordinance permitted only one principal dwelling on a lot, the County has overcome the presumption of correctness afforded the BZA's final decision. The BZA's decision that the garage apartment is a lawful nonconforming use was "plainly wrong and in violation of the purpose and intent of the zoning ordinance." Masterson, 233 Va. at 44, 353 S.E.2d at 733.

_____

[5] In light of our decision, it is not necessary to address the County's argument that our decision in West

22

In reaching this conclusion, we are mindful of the BZA's expressed concern about displacing the garage apartment after approximately 54 years of use.  Equitable concerns, however, cannot be a basis for the BZA's decision in this case.  See Foster v. Geller, 248 Va. 563, 570, 449 S.E.2d 802, 807 (1994) (legislative bodies "have authorized the use of equitable considerations only when the issue is whether to grant a special use permit").

For these reasons, we will reverse the judgment of the circuit court and enter final judgment in favor of the County.

Reversed and final judgment.

Lewinsville should be applied only prospectively.

23