COURT OF APPEALS OF VIRGINIA

Present:   Judges Frank, Huff and Senior Judge Haley

SITTA LUSENI

v.     Record No. 1003-13-4

FAIRFAX COUNTY DEPARTMENT
 OF FAMILY SERVICES

MEMORANDUM OPINION*
PER CURIAM
OCTOBER 29, 2013

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Charles J. Maxfield, Judge

(Matthew W. Greene; Greene Law Group, PLLC, on briefs), for
appellant.

(David P. Bobzien, County Attorney; Peter D. Andreoli, Jr., Deputy
County Attorney; Matthew J. Marcialis, Assistant County Attorney,
on brief), for appellee.

(Margaret R. Vaughn, Guardian *ad litem* for the minor children,
on brief).

Sitta Luseni (mother) appeals from March 8, 2013 circuit court orders terminating her

residual parental rights to her two children pursuant to Code § 16.1-283(C)(2).  On appeal,

mother argues the trial court erred by terminating her parental rights because "(1) the Department

failed to present sufficient evidence to demonstrate that it pursued relative placement as a viable

option; and (2) at no point during any of its case findings did the lower court either review or

state its statutorily obligated consideration of relative placement as an alternative goal to

termination of parental rights."[1]

UNPUBLISHED

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The Department asserts this Court lacks jurisdiction to hear this appeal because mother
failed to perfect her appeal to the circuit court by filing her notice of appeal *pro se* even though
she was still represented by counsel.  The Supreme Court has explained that "subject matter

Upon reviewing the record and briefs of the parties, we conclude this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

Background

On appeal, we view the evidence in the "'light most favorable' to the prevailing party in the circuit court and grant to that party the benefit of 'all reasonable inferences fairly deducible therefrom.'" Toms v. Hanover Dep't of Soc. Servs., 46 Va. App. 257, 262, 616 S.E.2d 765, 767 (2005) (quoting Logan v. Fairfax Cnty. Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991)).

On June 17, 2011, after having received several reports that mother was physically abusing her children, the Fairfax County Department of Family Services (the Department) removed the two boys from mother's care.

Foster care social worker Kimberly Cobb testified she explored the option of placing the children with relatives. Mother's sister and mother and the children's paternal grandfather were identified as potential caretakers. Cobb made a request for a relative home study for both the children's maternal aunt and paternal grandfather under the Interstate Compact for the Placement of Children. Both relatives lived in Montgomery County, Maryland. Neither relative fully cooperated with the Montgomery Department of Health and Human Services with regards to the home study process, and both relatives were therefore eliminated as potential caretakers.

jurisdiction, perhaps best understood as the 'potential' jurisdiction of a court, . . . becomes 'active' jurisdiction . . . only when various elements are present," including subject matter jurisdiction, territorial jurisdiction, notice jurisdiction, "'and the other conditions of fact [that] must exist which are demanded by the unwritten or statute law as the prerequisites of the authority of the court to proceed to judgment or decree.'" Ghameshlouy v. Commonwealth, 279 Va. 379, 388-89, 689 S.E.2d 698, 702-03 (2010) (quoting Bd. of Supervisors v. Bd. of Zoning Appeals, 271 Va. 336, 344, 626 S.E.2d 374, 379 (2006)). Of course, any jurisdictional requirement other than subject matter jurisdiction may be waived, and the absence of non-subject matter jurisdictional elements renders a resulting judgment or opinion merely voidable, not void. See Porter v. Commonwealth, 276 Va. 203, 228-29, 661 S.E.2d 415, 426-27 (2008). Here, no objection was made before the circuit court regarding the notice of appeal and we find no merit to the Department's contention.

Additionally, the maternal aunt specifically indicated to Cobb that she was no longer interested in being a placement option for the children. The maternal grandmother initially visited with the children on a regular basis but stopped attending in September 2011. She never expressed interest in being a placement option. Cobb also explained that due to the grandmother's advanced age and health problems she was not considered capable of caring for the children, both of whom had been diagnosed with Attention Deficit Hyperactivity Disorder (ADHD).

Analysis

I.

Mother argues the "department utterly failed in its duty to investigate relative placement as an alternative to the termination of [her] parental rights."

The Department "has an affirmative duty to investigate *all reasonable options* for placement with immediate relatives" before the termination of parental rights. Sauer v. Franklin County Dep't of Soc. Servs., 18 Va. App. 769, 771, 446 S.E.2d 640, 641 (1994) (emphasis added); see Hawthorne v. Smyth Cnty. Dep't of Soc. Servs., 33 Va. App. 130, 139-40, 531 S.E.2d 639, 644 (2000).

Code § 16.1-283(A) provides that in a termination of parental rights case "the court shall give a consideration to granting custody to relatives of the child, including grandparents."

> [B]efore the court grants custody of a child, under the provisions of Code § 16.1-283(A) the Department has a duty to produce sufficient evidence so that the court may properly determine whether there are relatives willing and suitable to take custody of the child, and to consider such relatives in comparison to other placement options.

Logan, 13 Va. App. at 131, 409 S.E.2d at 465.

Notwithstanding this requirement, the agency seeking the termination does not have the duty "in every case to investigate the home of every relative of the children, however remote, as a potential placement." Sauer, 18 Va. App. at 771, 446 S.E.2d at 642. Nor is the agency

- 3 -

required by law to perform "'a vain and useless undertaking.'" Hawthorne, 33 Va. App. at 139, 531 S.E.2d at 644 (quoting Virginia Passenger & Power Co. v. Fisher, 104 Va. 121, 129, 51 S.E. 198, 201 (1905)). The duty to investigate is a rule of reason dependent upon the particular facts and circumstances of each individual case. "As long as evidence in the record supports the trial court's ruling and the trial court has not abused its discretion, its ruling must be affirmed on appeal." Brown v. Brown, 30 Va. App. 532, 538, 518 S.E.2d 336, 338 (1999).

Here, the Department thoroughly investigated the children's available relatives as placement options. The relatives either failed to cooperate with the investigation or indicated they did not want to be considered as placement options. The Department was not required to investigate the home of every relative of the children, especially those whom the parents failed to suggest to the Department. See Hawthorne, 33 Va. App. at 139, 531 S.E.2d at 644.

In sum, the record demonstrates that the Department satisfied its duty under Code § 16.1-283(A) to investigate and present evidence of the suitability of the children's relatives as possible custodians prior to ordering the termination of mother's parental rights.

II.

Mother argues the trial court failed to consider or rule on the possibility of relative placement as an alternative to the termination of her parental rights.

Although the trial court did not specifically address relative placement in its ruling from the bench, when reviewing a decision to terminate parental rights, we presume the circuit court "'thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests.'" Toms, 46 Va. App. at 265-66, 616 S.E.2d at 769 (quoting Fields v. Dinwiddie Cnty. Dep't of Soc. Servs., 46 Va. App. 1, 7, 614 S.E.2d 656, 659 (2005)). The record reveals the trial court heard extensive evidence regarding the Department's attempts to find suitable relatives with whom to place the children.

- 4 -

When considering termination of parental rights, "the paramount consideration of a trial court is the child's best interests." Logan, 13 Va. App. at 128, 409 S.E.2d at 463. "The trial court's judgment, 'when based on evidence heard ore tenus, will not be disturbed on appeal unless plainly wrong or without evidence to support it.'" Toms, 46 Va. App. at 266, 616 S.E.2d at 769 (quoting Logan, 13 Va. App. at 128, 409 S.E.2d at 463 (citation omitted)). "In its capacity as factfinder, therefore, the circuit court retains 'broad discretion in making the decisions necessary to guard and to foster a child's best interests.'" Id. (quoting Farley v. Farley, 9 Va. App. 326, 328, 387 S.E.2d 794, 795 (1990)).

Here, the record supports the trial court's conclusion that termination of mother's parental rights was in the best interests of the children and that the trial court considered all viable alternatives, including relative placement, in making its determination. Further, the maternal grandmother and maternal aunt were present at the termination hearing and never expressed any interest in obtaining custody.

For the reasons stated above, we summarily affirm the decision terminating mother's parental rights. See Rule 5A:27.

Affirmed.